BOWEN, Appellant,

v.

BRITTON, n.k.a. Britton–Sunderland, Appellee.

[Cite as *Bowen v. Britton* (1993), 84 Ohio App.3d 473.]

Court of Appeals of Ohio,
Pike County.

No. 476.

Decided Jan. 28, 1993.

*Mary Bone Kunze,* for appellant.

*Debbie Jean Britton–Sunderland, pro se.*

HARSHA, Judge.

John David Bowen appeals from a judgment granting the motion of Debbie Jean Britton (n.k.a. Britton–Sunderland) to dismiss his motion to modify the custody decree of a foreign state. The dismissal was based upon a lack of subject matter jurisdiction.

Appellant assigns the following errors:

"I. The court erred in vacating its previously rendered 'ex parte order' granting emergency temporary custody to the plaintiff-appellant, and in dismissing the plaintiff-appellant's complaint for lack of jurisdiction, and such judgment and final order is [*sic*] contrary to law.

"II. The trial court erred in vacating its previously rendered 'ex parte order' granting the plaintiff-appellant temporary emergency custody of the three minor children which are the subject of the plaintiff-appellant's complaint and in dismissing said complaint without first holding an evidentiary hearing in order to determine whether any of the provisions of divisions (A)1, (A)2, (A)3, or (A)4 [*sic*] of Section 3109.22 of the Ohio Revised Code are applicable to permit the exercise of jurisdiction over the issue of custody of said minor children of the parties by the state courts of Ohio."

The parties were married on July 11, 1975, and they subsequently had four children: Darrell, David, Derek, and Dale. In 1985, the Superior Court of Muscogee County, Georgia, granted a divorce to appellee on the grounds that the marriage was irretrievably broken. The final judgment of divorce incorporated

the agreement of the parties, which provided that appellee would have permanent custody of the parties' four minor children and that appellant would pay child support in the amount of $150 per child per month. The agreement also provided visitation for appellant, including four weeks of visitation with the parties' minor children during summers.

On November 21, 1991, appellant filed a "COMPLAINT" in the Pike County Juvenile Court, which requested that the 1985 Georgia divorce decree be modified to change the custody of three of the parties' four minor children, *i.e.*, Darrell, David, and Derek, to appellant and require appellee to pay child support for these children.[1]

Attached to appellant's "complaint" was a child custody affidavit (R.C. 3109.-27[A]) which indicated that Darrell, David, and Derek Bowen were all living in Waverly, Ohio, with appellant and that appellee and Dale Bowen had moved to Texas. The affidavit also indicated that a URESA action involving the parties had been filed in Jackson County, Ohio Common Pleas Court but had been dismissed for lack of jurisdiction and that appellant was unaware of any pending custody proceedings concerning the children in a court of Ohio or of any other state. On August 23, 1991, the trial court entered an *ex parte* order awarding emergency temporary custody of the parties' minor children, Darrell, David, and Derek Bowen, to appellant and ordering that appellant's duty to pay child support for these children be terminated during the temporary custody.

Appellee filed a motion to dismiss appellant's complaint and a motion to vacate the trial court's *ex parte* order in which she presented written argument to the effect that the trial court did not have jurisdiction or should decline to exercise jurisdiction because it was an inconvenient forum. Appellee argued that insofar as David and Derek were concerned, appellant only had "custody" of them at the time of his complaint because he was exercising his rights under the 1985 Georgia decree to summer visitation. Appellee's memorandum conceded that R.C. 3109.-

---

1. Appellant's modification motion alleged that (1) neither of the parties had lived in Georgia for several years and none of the parties' minor children had lived in Georgia for over five years; (2) appellee moved from Georgia to Kansas over five years ago and moved to Texas just prior to appellant's motion; (3) appellant had resided in Ohio for over three years; (4) with appellee's consent, Darrell G. Bowen had resided with appellant continuously in Ohio since October 1989, and David and Derek Bowen had resided with appellant continuously in Ohio since June 2, 1991; (5) it was in the best interests of these three minor children that the Pike County Court of Common Pleas, Juvenile Division, assume jurisdiction over appellant's modification motion because the children and appellant had a significant connection with Ohio, and there was available in Ohio substantial evidence concerning these children's present and future care, protection, training, and personal relationships; (6) no state other than Ohio would have jurisdiction to make the determination; (7) a change in circumstances had occurred since the issuance of the 1985 Georgia decree; and (8) the three minor children all desired to live with appellant.

22(A)(1) provided a basis for trial court jurisdiction over Darrell but contended that Kansas and/or Texas courts would be more appropriate for David and Derek. Appellee's memorandum in support of her dismissal motion also stated that appellant had filed a similar motion to modify custody in Jackson County, Ohio, but that it was dismissed by him. Appellee subsequently filed an R.C. 3109.27(A) parenting determination affidavit in which she stated that David and Derek had only been in Ohio during visitation with appellant and that Darrell had been with appellant beyond the normal visitation period. Appellant subsequently filed a memorandum contra in which he argued, in part, that the Jackson County case had been dismissed prior to commencement of his Pike County action.

On October 9, 1991, the court conducted a pretrial hearing on appellee's motion to dismiss and motion to vacate the *ex parte* order. The next day, appellant filed a "MOTION TO RECONSIDER, AND FOR ORAL HEARING" in which he contended that the prior hearing was merely a "pre-trial conference" at which the trial court indicated that if it found that Georgia had previously issued a custody decree concerning the children in the parties' divorce action, it would dismiss appellant's complaint for lack of jurisdiction. Appellant's motion additionally moved the trial court to "schedule an oral hearing upon the Plaintiff's 'COMPLAINT TO MODIFY CUSTODY DECREE OF FOREIGN STATE' herein." On October 17, 1991, the trial court filed an "AMENDED JOURNAL ENTRY," which granted appellee's motions to dismiss and to vacate the prior *ex parte* order.

Appellant's first assignment of error asserts that the trial court erred in vacating its previously rendered *ex parte* order and in dismissing appellant's complaint for lack of jurisdiction. Appellant's second assignment of error asserts that the trial court erred in failing to hold an evidentiary hearing on the UCCJA issues raised by appellee's motions.

 Generally, the standard to apply for a dismissal pursuant to Civ.R. 12(B)(1), lack of jurisdiction over the subject matter, is whether the plaintiff has alleged any cause of action which the court has authority to decide. *McHenry v. Indus. Comm.* (1990), 68 Ohio App.3d 56, 62, 587 N.E.2d 414, 418; *Avco Financial Serv. Loan, Inc. v. Hale* (1987), 36 Ohio App.3d 65, 520 N.E.2d 1378. In determining whether the plaintiff has alleged a cause of action sufficient to withstand a Civ.R. 12(B)(1) motion to dismiss, the trial court is not confined to the allegations of the complaint and it may consider material pertinent to such inquiry without converting the motion into one for summary judgment. *Southgate Dev. Corp. v. Columbia Gas Transm. Corp.* (1976), 48 Ohio St.2d 211, 2 O.O.3d 393, 358 N.E.2d 526, paragraph one of the syllabus; *McHenry, supra*, 68 Ohio App.3d at 62, 587 N.E.2d at 418. A court may generally dismiss a complaint for lack of jurisdiction over subject matter on the basis of (1) the complaint alone,

(2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Jenkins v. Eberhart* (1991), 71 Ohio App.3d 351, 355, 594 N.E.2d 29, 31.

Nevertheless, this case, which actually involves a post-divorce decree modification proceeding rather than a normal complaint, appears to differ from a usual Civ.R. 12(B)(1) dismissal context. Ohio adopted the Uniform Child Custody Jurisdiction Act in R.C. 3109.21 to 3109.37. The Uniform Child Custody Jurisdiction Act ("UCCJA") was promulgated in order to establish a measure of interstate stability concerning child custody awards, and to prevent interstate child snatching by parents seeking a favorable custody award in the forum of their choice. Annotation, What Types of Proceedings or Determinations are Governed by the Uniform Child Custody Jurisdiction Act (UCCJA) or the Parental Kidnapping Prevention Act (PKPA) (1990), 78 A.L.R.4th 1028, 1034. The preeminent purpose of the UCCJA is to avoid jurisdictional conflict and to promote cooperation between state courts in custody matters so that a decree is rendered in the state that can best decide the best interest of the child. Annotation, Validity, Construction, and Application of Uniform Child Custody Jurisdiction Act (1979), 96 A.L.R.3d 968, 973; see, also, *Daerr v. Daerr* (1987), 41 Ohio App.3d 206, 534 N.E.2d 1229, and Baldwin's Ohio Domestic Relations Law (1987) 344, Section 33.01(A).

R.C. 2151.23(A)(2) provides that the juvenile court has exclusive original jurisdiction to determine the custody of any child not a ward of another court of this state. R.C. 2151.23(F)(1) provides that the juvenile court shall exercise its jurisdiction in child custody matters in accordance with R.C. 3109.04 and R.C. 3109.21 to 3109.37, *i.e.*, Ohio's adoption of the UCCJA. It is within the trial court's discretion to assume jurisdiction in a change of custody proceeding pursuant to the UCCJA provisions. See, generally, *State ex rel. Aycock v. Mowrey* (1989), 45 Ohio St.3d 347, 544 N.E.2d 657. Accordingly, the trial court's decision as to whether to exercise jurisdiction pursuant to the UCCJA should only be reversed upon a showing of an abuse of discretion. The term "abuse of discretion" connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. *State v. Montgomery* (1991), 61 Ohio St.3d 410, 413, 575 N.E.2d 167, 170; *Tracy v. Merrell–Dow Pharmaceuticals, Inc.* (1991), 58 Ohio St.3d 147, 152, 569 N.E.2d 875, 880.

R.C. 3109.31(A) provides:

"If a court of another state has made a parenting decree, a court of this state shall not modify that decree, unless it appears to the court of this state that the court that rendered the decree does not now have jurisdiction under jurisdictional prerequisites substantially in accordance with sections 3109.21 to 3109.36 of the

Revised Code, or has declined to assume jurisdiction to modify the decree, and the court of this state has jurisdiction."

R.C. 3109.22 provides in part:

"(A) No court of this state that has jurisdiction to make a parenting determination relative to a child shall exercise that jurisdiction unless one of the following applies:

"(1) This state is the home state of the child at the time of commencement of the proceeding, or this state had been the child's home state within six months before commencement of the proceeding and the child is absent from this state because of his removal or retention by a parent who claims a right to be the residential parent and legal custodian of a child or by any other person claiming his custody or is absent from this state for other reasons, and a parent or person acting as parent continues to live in this state;

"(2) It is in the best interest of the child that a court of this state assumes jurisdiction because the child and his parents, or the child and at least one contestant, have a significant connection with this state, and there is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships;

"(3) The child is physically present in this state and either has been abandoned or it is necessary in an emergency to protect the child because he has been subjected to or threatened with mistreatment or abuse or is otherwise neglected or dependent;

"(4) It appears that no other state would have jurisdiction under prerequisites substantially in accordance with division (A)(1), (2), or (3) of this section, or a court in another state has declined to exercise jurisdiction on the ground that this state is the more appropriate forum to make a parenting determination relative to the child, and it is in the best interest of the child that this court assume jurisdiction."

█ Generally, sworn testimonial evidence is introduced on the factors specified in R.C. 3109.22(A) and 3109.31(A) in order that the trial court may determine, within its discretion, if it should exercise jurisdiction. See, *e.g.*, Annotation, Child Custody: When Does State that Issued Previous Custody Determination have Continuing Jurisdiction under Uniform Child Custody Jurisdiction Act (UCCJA) or Parental Kidnapping Prevention Act (PKPA), 28 USCS Section 1738A (1991), 83 A.L.R.4th 742, 750–753, indicating the importance of being able to present evidence and testimony regarding the jurisdictional issue; cf. *In re Brown* (Mar. 22, 1991), Greene App. No. 90CA92, unreported, 1991 WL 38881, as cited in Baldwin's Ohio Domestic Relations Law (Supp.1991) 78, T 33.01 (where there is conflicting testimony regarding these issues, the credibility and weight to

be assigned to the evidence are the exclusive province of the trier of fact). More particularly, a court's decision regarding subject matter jurisdiction under the UCCJA should generally only be made after a plenary hearing and a full explanation of the facts essential to the decision. *Grynkewich v. McGinley* (1985), 3 Conn.App. 541, 490 A.2d 534; Annotation, Significant Connection Jurisdiction of Court under Section 3(a)(2) of the Uniform Child Custody Jurisdiction Act (UCCJA) and the Parental Kidnapping Prevention Act (PKPA), 28 USCS Section 1738A(c)(2)(B) (1992), 5 A.L.R.5th 550, 595. Accordingly, we are persuaded that unlike normal subject matter jurisdictional issues, a trial court should generally afford the parties an opportunity to have a full evidentiary hearing prior to deciding whether to assume jurisdiction under the UCCJA provisions over a motion to modify a custody decree entered in another state.

■ Appellant claims that the trial court did not hold any evidentiary hearing and only considered the 1985 Georgia decree in granting appellee's motion to dismiss and vacate. Appellee does not contend otherwise. The trial court's October 17, 1991 "AMENDED JOURNAL ENTRY" stated that only a "Pre–Trial Hearing" on appellee's motions was held. No transcript of the October 9, 1991 hearing is included as part of the record on appeal.

We are aware that, generally, where a transcript of any proceeding is necessary for disposition of any question on appeal, the appellant bears the burden of taking the steps required to have the transcript prepared for inclusion in the record. *Rose Chevrolet, Inc. v. Adams* (1988), 36 Ohio St.3d 17, 19, 520 N.E.2d 564, 565; *Baker v. Cuyahoga Cty. Court of Common Pleas* (1989), 61 Ohio App.3d 59, 62, 572 N.E.2d 155, 157. When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and, thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm. *Knapp v. Edwards Laboratories* (1980), 61 Ohio St.2d 197, 199, 15 O.O.3d 218, 219–220, 400 N.E.2d 384, 385; *Baker, supra; In re Conkel* (Nov. 4, 1991), Pike App. No. 450, unreported, 1991 WL 238213.

■ However, in this case, the trial court's own "AMENDED JOURNAL ENTRY" indicates that no evidentiary hearing was held on October 9, 1991, since it only refers to a "Pre–Trial Hearing" and notes that only the attorneys were present. This is further supported in the record by appellant's October 10, 1991 "MOTION TO RECONSIDER, AND FOR ORAL HEARING" filed the day after the hearing at which appellant's counsel noted that the October 9, 1991 hearing was merely a pretrial conference and expressly requested an oral hearing. From the foregoing, we are persuaded that no evidentiary hearing was held, although the parties' filings indicated that such hearing was necessary and

appellant explicitly requested a hearing. The trial court therefore abused its discretion in failing to hold an evidentiary hearing. See *Grynkewich, supra.*

■ We further agree with appellant's general proposition under his first assignment of error that the mere presence of a prior custody decree entered by another state does not *per se* preclude an Ohio court from subsequently exercising jurisdiction over a motion to modify the foreign custody decree. R.C. 3109.31(A). This is particularly true where, as appellant asserted in his complaint and affidavit, neither the parents nor children had resided in the foreign state for several years. See, *e.g.*, Baldwin's Ohio Domestic Relations Law (Supp.1991) 78, T 33.01(c)(2). The trial court's "AMENDED JOURNAL ENTRY" appeared to rely exclusively on the fact that there was a 1985 Georgia custody decree:

"Upon inquiry the Court learned that a valid custody decree was issued in the Superior Court of Muscogee County, State of Georgia, on May 15, 1985. Upon this inquiry, and upon mature consideration, the Court Finds, Rules, and Adjudges, that it is without proper jurisdiction to address Plaintiff's Complaint."

Without an evidentiary hearing, it is apparent that the trial court erroneously believed that the presence of a prior foreign custody decree precluded, as a matter of law, jurisdiction over appellant's Ohio modification complaint. Pursuant to R.C. 3109.31(A), the trial court erred in failing to determine if, as appellant asserted, it appeared that the Georgia court no longer had jurisdiction under the UCCJA prerequisites substantially in accordance with R.C. 3109.21 to 3109.37 and whether it had jurisdiction under those same provisions. See R.C. 2151.-23(A)(2) and (F)(1).

Accordingly, for all of the foregoing reasons, appellant's first and second assignments of error are sustained, and the judgment of the trial court dismissing appellant's complaint for lack of jurisdiction and vacating its *ex parte* order is reversed and remanded for a full evidentiary hearing on the jurisdictional issue.

*Judgment reversed*
*and cause remanded.*

PETER B. ABELE, J., concurs.

GREY, J., dissents.

GREY, Judge, dissenting.

I respectfully dissent. The situation in this case indicates why the UCCJA was enacted. There is a valid Georgia custody decree. Bowen sought to file for a change of custody in Jackson County, but on the day before it was set for an evidentiary hearing, Bowen dismissed that case and filed this action in adjoining

Pike County. Bowen got a temporary custody order in Pike County, but when the court in Pike County set the case for pretrial, it appears that Bowen was unable to convince the trial court he had at least some basis for going forward with the motion. The majority opinion upholds his contention that if he had been given a hearing, he might have been able to show that a change of custody was proper under R.C. 3109.21 *et seq.*

The majority opinion holds that ordinarily an appellate court cannot predicate error on an incomplete record. I agree, but I would also posit that in the absence of a complete record or something in the file to indicate error, a court's judgment is entitled to a presumption of validity.

In this record we have a motion full of all sorts of allegations, a pretrial hearing, and an entry by the trial court holding that because of the valid custody order from Georgia, it lacked jurisdiction. I presume that at that pretrial it became apparent to the court that appellee had nothing to proffer to meet the requirements of R.C. 3109.21 through 3109.37, Ohio's UCCJA. I presume that the trial court found that this was just another one of those cases where, during a period of out-of-state visitation, the non-custodial parent files for a change of custody in that state. I presume that the trial court, having determined that Bowen had not been forthright in obtaining the temporary order, realized that he was attempting to do the very thing the UCCJA was enacted to prevent. I find nothing in the record to rebut those presumptions and much to indicate this is exactly what happened.

There is a valid custody order from Georgia and a valid entry from the trial court and nothing by way of a transcript or proffer indicating that error intervened. The majority opinion presumes there was some kind of proffer, some kind of showing that Bowen had a justiciable claim, but that the court chose to ignore it, deny him his right to be heard and apply an improper standard. From this record, I cannot make that same presumption.

Thus, I dissent.