**In re MONROE.**

[Cite as *In re Monroe* (1999), 133 Ohio App.3d 294.]

Court of Appeals of Ohio,
Seventh District, Belmont County.

No. 97–BA–25.

Decided March 24, 1999.

*John A. Vavra,* for appellant.

*Laura Haden Wright* and *Albert E. Davies III,* for appellee.

Cox, Presiding Judge.

This matter presents a timely appeal from a decision rendered by the Belmont County Common Pleas Court, Juvenile Division, overruling the objection to the magistrate's recommendation filed by petitioner-appellant, Betty Lou Perkins, and sustaining the magistrate's recommendation, which granted the motion to dismiss filed by respondent-appellee, Edward Monroe.

Appellant and appellee were married in Wheeling, West Virginia, on April 2, 1983. The parties had one child during their marriage, Shawn Chase Monroe, born October 6, 1987. Both parties were domiciled in Wheeling, Ohio County, West Virginia, and were granted a termination of their marriage by divorce decree filed on December 1, 1992. The divorce decree provided that appellant was to be the residential parent for the minor child and that appellee was to receive reasonable visitation.

In July 1993, appellant and the minor child moved to Belmont County, Ohio and although they have resided there since then, the circuit court in Ohio County, West Virginia, has maintained continuing jurisdiction over the parties.

On October 3, 1996, appellant filed with the juvenile court of Belmont County a petition to transfer jurisdiction and to modify the decree. Appellee thereafter filed a motion to dismiss the petition for lack of subject matter jurisdiction and for failure to state a claim, along with a supporting memorandum of law and supporting documentation. On November 20, 1996, the court magistrate filed his journal entry, recommending that appellee's motion to dismiss be sustained, as

appellant's petition did not raise custody as a disputed issue and therefore the juvenile court did not have jurisdiction to hear the petition.

Appellant objected to the magistrate's recommendation, and a hearing was held on February 4, 1997. Upon due consideration, the juvenile court issued its decision by journal entry filed March 14, 1997, overruling appellant's objection and sustaining the magistrate's recommendation. This appeal followed.

Appellant's sole assignment of error on appeal alleges:

"The trial court erred as a matter of law in holding that the Ohio Uniform Child Custody Jurisdiction Act prohibited the court from modifying an out-of-state divorce decree as it pertained to the issue of visitation rights."

The juvenile court dismissed appellant's petition to transfer jurisdiction on the basis that the petition did not raise custody as a disputed issue and therefore the court lacked the subject matter jurisdiction necessary to hear this matter pursuant to the Uniform Child Custody Jurisdiction Act ("UCCJA"), as codified at R.C. 3109.21 through 3109.37.

Appellant cites R.C. 3109.21(B) in an attempt to show that "custody" includes visitation and that a juvenile court may hear an issue regarding visitation pursuant to its power to determine custody cases. Appellant contends that the juvenile court improperly and narrowly construed R.C. 3109.21(B). Appellant also maintains that pursuant to R.C. 3109.22(A)(1), Ohio is the minor child's home state.

Appellant contends that the juvenile court not only deviated from its own precedent, but also ignored *Auberry v. Auberry* (Feb. 15, 1989), Summit App. No. 13666, unreported, 1989 WL 13607, wherein the court held that as a result of the facts that the New Jersey court from which the parties' divorce decree had originated no longer had jurisdiction over the case, that New Jersey was not the home state of the children in question, and that the children no longer had significant connections with New Jersey, the trial court in Ohio had jurisdiction to rule on matters concerning visitation. Appellant alleges that the within matter is analogous to *Auberry* and avers that the originating West Virginia court no longer had jurisdiction over this case.

A trial court's decision concerning whether to exercise jurisdiction pursuant to the UCCJA should be reversed only upon a showing of an abuse of discretion. *Bowen v. Britton* (1993), 84 Ohio App.3d 473, 616 N.E.2d 1217. Abuse of discretion connotes more than an error of law or of judgment; it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 5 OBR 481, 450 N.E.2d 1140.

The Ohio Supreme Court in *State ex rel. Aycock v. Mowrey* (1989), 45 Ohio St.3d 347, 349, 544 N.E.2d 657, 660, stated:

"The purpose of the UCCJA is to avoid jurisdictional conflict and to promote cooperation between state courts in custody matters so that a decree is rendered in the state that can best decide the best interest of the child."

■ R.C. 3109.31(A) governs the modification by an Ohio court of a parenting decree of a court in another state, and provides:

"If a court of another state has made a parenting decree, a court of this state shall not modify that decree, unless it appears to the court of this state that the court that rendered the decree does not now have jurisdiction under jurisdictional prerequisites substantially in accordance with sections 3109.21 to 3109.36 of the Revised Code, or has declined to assume jurisdiction to modify the decree, and the court of this state has jurisdiction."

R.C. 3109.21(B), to which appellant refers, defines "parenting determination":

" 'Parenting determination' means a court decision and court orders and instructions that, in relation to the parents of a child, allocates parental rights and responsibilities for the care of the child, including any designation of visitation rights, and designates a residential parent and legal custodian of the child or that, in relation to any other person, provides for the custody of a child, including visitation rights. It does not include a decision relating to child support or any other monetary obligation of any person."

R.C. 3109.22 governs the jurisdiction of an Ohio court to make a parenting determination relative to a child and provides:

"(A) No court of this state that has jurisdiction to make a parenting determination relative to a child shall exercise that jurisdiction unless one of the following applies:

"(1) This state is the home state of the child at the time of commencement of the proceeding, or this state had been the child's home state within six months before commencement of the proceeding * * *, and a parent or person acting as parent continues to live in this state;

"(2) It is in the best interest of the child that a court of this state assumes jurisdiction because the child and his parents, or the child and at least one contestant, have a significant connection with this state, and there is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships;

"(3) The child is physically present in this state and either has been abandoned or it is necessary in an emergency to protect the child because he has been

subjected to or threatened with mistreatment or abuse or is otherwise neglected or dependent;

"(4) It appears that no other state would have jurisdiction under prerequisites substantially in accordance with division (A)(1), (2), or (3) of this section, or a court in another state has declined to exercise jurisdiction on the ground that this state is the more appropriate forum to make a parenting determination relative to the child, and it is in the best interest of the child that this court assume jurisdiction.

"(B) Except as provided in divisions (A)(3) and (4) of this section, physical presence in this state of the child, or of the child and one of the contestants, is not alone sufficient to confer jurisdiction on a court of this state to make a parenting determination relative to the child."

Appellant misunderstands the meaning of the term "custody." "Visitation" and "custody" are related but distinct legal concepts. Custody resides in the party or parties who have the right to ultimate legal and physical control of a child. See *In re Gibson* (1991), 61 Ohio St.3d 168, 573 N.E.2d 1074. Appellant already had custody of the minor child in question and therefore was not asking the juvenile court to determine or award her custody. Appellant's petition to transfer jurisdiction of the within matter from West Virginia to the juvenile court requested a restriction of appellee's visitation rights and a modification of child support.

The juvenile court properly relied upon *In re Guardianship of Wonderly* (1981), 67 Ohio St.2d 178, 21 O.O.3d 111, 423 N.E.2d 420, and *Snelling v. Gardner* (1990), 69 Ohio App.3d 196, 590 N.E.2d 330, for guidance in this matter. The Ohio Supreme Court in *Wonderly* found that a parenting determination requires application of the UCCJA when the custody of a minor child is the primary issue or one of several issues in the case. In *Snelling*, the court found that given the language of *In re Guardianship of Wonderly* and by the very nature of the Act, the custody of a child must be a disputed issue before the UCCJA applies. The *Snelling* court determined that there was no indication that the issue of custody was disputed and that the petitioner had been previously awarded custody of the parties' minor child by an out-of-state order. That is the situation in the case at bar.

The Ohio Supreme Court in *In re Gibson, supra*, 61 Ohio St.3d at 171, 573 N.E.2d at 1077 provided additional guidance by stating:

"Furthermore, in using the phrase 'including visitation rights,' the drafters of the UCCJA apparently recognized that 'custody' does not encompass visitation and that an express provision 'including visitation' was necessary to bring orders affecting visitation within the scope of the UCCJA. The drafters were creating a

special definition for purposes of the UCCJA, and were not redefining 'custody.' Therefore, the definition of 'custody determination' does not change our conclusion that custody and visitation are separate."

■ Contrary to appellant's contentions, not only did the minor child maintain a significant connection with West Virginia in that he exercised visitation with appellee, who continued to reside in that state, but also the West Virginia court from which the divorce decree originated maintained continuing jurisdiction. Attached to appellee's motion to dismiss was an order dated August 12, 1996, from the circuit court of Ohio County, West Virginia, indicating that a hearing had been held on July 8, 1996, pursuant to appellee's motion to modify child support and ruling on the motion. The order was entered only two months before appellant's petition to transfer jurisdiction was filed with the juvenile court in Belmont County, Ohio.

Given the facts and circumstances presented in the case at bar, it cannot be said that the trial court abused its discretion in granting appellee's motion to dismiss and in overruling appellant's objection to the magistrate's recommendation.

Appellant's sole assignment of error on appeal is found to be without merit.

The judgment of the trial court is hereby affirmed.

*Judgment affirmed.*

GENE DONOFRIO and VUKOVICH, JJ., concur.