OPINION
Appellant, Andrea L. Briese, appeals from the judgment of the Portage County Court of Common Pleas, Domestic Relations Division. Appellant filed a motion to modify the visitation rights of appellee, Jerry L. Briese. The trial court declined to exercise jurisdiction over the matter. The following facts are relevant to a determination of this appeal.
The parties were married in 1987. They lived in the state of Wisconsin through the course of the marriage. The final decree of divorce was filed in Wisconsin in February of 1999. The parties have two minor children. In the decree of divorce, the court found that both parents were fit and proper persons to be given legal custody of the children. It found that the interest of the children would be best served by awarding joint legal custody. Appellant was awarded primary custody and was permitted to move to Ohio with the children in 1998. Appellee continues to reside in Wisconsin.
Upon moving to Ohio, appellant states the children began having nightmares and difficulty adjusting. The son began seeing a counselor at Portage Children's Center in Ravenna, Ohio. The counselor diagnosed the boy as having post-traumatic stress disorder, and attributed this to domestic violence inflicted on the boy by appellee when the family was still together in Wisconsin.
On May 15, 2000, appellant filed a motion in Portage County, Ohio, to modify the Wisconsin divorce decree to deny appellee any companionship rights with the children. At that point in time, the children had lived in the state of Ohio for more than six consecutive months. The basis for the motion was the allegation "that it has been discovered that the children were subject to abuse by their father."
A hearing on appellant's motion was scheduled for June 2, 2000. Prior to the hearing, the magistrate conducted a conference with counsel in chambers. As a result of this conference, the magistrate determined that the proper venue for appellant's action was in the state of Wisconsin. The magistrate declined to exercise jurisdiction and, in a decision filed on June 7, 2000, dismissed the motion without prejudice. Appellant filed objections. On June 22, 2000, the trial court overruled the objections and adopted the decision of the magistrate. In a nunc pro tunc judgment entry filed on August 21, 2000, the trial court denied appellant's motion and dismissed the action without prejudice. From this judgment, appellant timely filed her appeal, assigning the following errors:
 "1). The trial court erred and abused its discretion in declining to exercise its jurisdiction in favor of another state, where Ohio has jurisdiction under the Uniform Child Custody Jurisdiction Act and exercising jurisdiction would be in the best interest of the children.
 "2). The trial court erred and abused its discretion in finding that this jurisdiction is an inconvenient forum.
 "3). The trial court erred and abused its discretion by denying appellant the opportunity to present evidence on jurisdiction and venue at an evidentiary hearing.
 "4). The trial court erred and abused its discretion by dismissing the action instead of staying the action for 60 days upon condition that defendant submit to the jurisdiction of the other venue and plaintiff commence an action there."
 In cases involving interstate custody and visitation disputes, the question of whether to assume jurisdiction is entrusted to the sound discretion of the trial court.[1] A reviewing court will not reverse a lower court's decision regarding its own jurisdiction absent an abuse of discretion.[2] An abuse of discretion connotes more than an error of law; rather, it implies that the court's attitude was unreasonable, arbitrary, or unconscionable.[3]
With respect to the first assignment of error, appellant's argument is that the state of Ohio had jurisdiction over her motion to modify custody and visitation under R.C. 3109.22, subsections (A) and (B), and that it was error for the trial court to decline to exercise that jurisdiction.
Generally speaking, "[t]he court in which a decree of divorce is originally rendered retains continuing jurisdiction over matters relating to the custody, care, and support of the minor children of the parties."[4] However, in light of the fact that one or both of the parties may move to different states, jurisdiction may change. Both Ohio
and Wisconsin have adopted the Uniform Child Custody Jurisdiction Act ("UCCJA"). In Ohio, it is codified at R.C. 3109.21, et seq. The relevant section respecting the determination of jurisdiction in this matter is R.C. 3109.22. In relevant part, it states as follows:
 "(A) No court of this state that has jurisdiction to make a parenting determination relative to a child shall exercise that jurisdiction unless one of the following applies:
 "(1) This state is the home state of the child at the time of commencement of the proceeding, or this state had been the child's home state within six months before commencement of the proceeding * * *;
 "(2) It is in the best interest of the child that a court of this state assumes jurisdiction because the child and his parents, or the child and at least one contestant, have a significant connection with this state, and there is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships;
"(3)* * *.
"(4)* * *.
 "(B) Except as provided in divisions (A)(3) and (4) of this section, physical presence in this state of the child, or of the child and one of the contestants, is not alone sufficient to confer jurisdiction on a court of this state to make a parenting determination relative to the child.
 "(C) Physical presence of the child, while desirable, is not a prerequisite for jurisdiction to make a parenting determination relative to the child."
 The potential jurisdictional criteria set forth in R.C. 3109.22(A), subsections (3) and (4), are not applicable to the present case. A critical phrase in R.C. 3109.22(A)(1), in terms of its legal implication, is the phrase "home state of the child at the time of commencement of the proceeding." (Emphasis added.) Likewise, R.C. 3109.21(E), which defines "home state," defines it in part as "the state in which the child, immediately preceding the time involved, lived * * *." (Emphasis added.)
In Justis v. Justis, the Supreme Court of Ohio addressed the meaning of these phrases.[5] In Justis, the trial court had modified its 1990 custody decree in 1992, and subsequently modified it again. Then, in May of 1994, the mother moved with the children from Ohio to North Carolina with the permission of the court. At that time, the court modified the custody decree a third time to provide for the father's continuing visitation rights under the circumstances. In June of 1994, the mother filed a complaint in North Carolina, asking the court to assume jurisdiction for purposes of modifying the May, 1994, custody decree issued in Ohio. The North Carolina court subsequently determined that it had jurisdiction. Meanwhile, proceedings were ongoing in Ohio, and the Ohio court determined it retained jurisdiction and was the proper forum to resolve the dispute.
With respect to the narrow issue of what the phrase "at the time of the commencement of the proceeding" means, the Supreme Court of Ohio stated "Ohio was the home state of the two children when the custody proceedingwas commenced in 1990. Thus, under [R.C. 3109.22] subsection (A)(1), Ohio is the `home state.'"[6] (Emphasis added.) Thus, the Supreme Court of Ohio has interpreted the phrase to refer to the filing of the original custody action, not subsequent modifications. This holding is consistent with R.C. 3109.22 subsections (B) and (C) which state, respectively, that the physical presence of the children in this state, standing alone, is not sufficient to confer jurisdiction to this state, nor is their physical presence a prerequisite of jurisdiction. Applying the rationale of Justis to the present case, Wisconsin is the home state under R.C. 3109.22(A)(1).
In Justis, the Supreme Court of Ohio recognized that under the UCCJA, two courts of different states may have concurrent jurisdiction.[7] In fact, the court stated that "[o]ne of the problems inherent in the UCCJA is that some of its provisions, such as the `substantial evidence' and `significant connection' factors cited above (and found in R.C.3109.22[A][2]), can be interpreted to allow two states to exercise concurrent jurisdiction."[8]
To resolve any potential conflict of concurrent jurisdiction, the court held that "[u]nder the Uniform Child Custody Jurisdiction Act, R.C. 3109.21et seq., and the Parental Kidnapping Prevention Act ["PKPA"], Section 1738A, Title 28, U.S. Code, a state court that has rendered an initial custody decree has exclusive jurisdiction over the ongoing custody dispute if that state has continuing jurisdiction."[9] Thus, the PKPA eliminates the possibility of concurrent jurisdiction and provides for exclusive jurisdiction "by preventing a second state from modifying a custody decree where the original home state has continuing jurisdiction."[10] Due to the fact appellee continues to reside in Wisconsin, Wisconsin has continuing jurisdiction.
This conclusion is consistent with this court's analysis in In reAsente.[11] In Asente, we held that if one state initially qualifies as the "home state" of the child, that status would prevail over the alternative criteria set forth in R.C. 3109.22(A)(2) for purposes of establishing jurisdiction.[12] Therefore, because Wisconsin meets the criteria set forth in R.C. 3109.22(A)(1), its "claim" to jurisdiction supercedes Ohio's, which is based on R.C. 3109.22(A)(2). Again, this conclusion is consistent with the essential rationale of Asente, that "once a court of competent jurisdiction has begun the task of deciding the long-term fate of a child, all other courts are to refrain from exercising jurisdiction over that matter."[13]
The conclusion that Ohio is not the proper forum to litigate appellant's motion is further bolstered by R.C. 3109.31, which states:
 "(A) If a court of another state has made a parenting decree, a court of this state shall not modify that decree, unless it appears to the court of this state that the court that rendered the decree does not now have jurisdiction under jurisdictional prerequisites substantially in accordance with sections 3109.21 to 3109.36 of the Revised Code, or has declined to assume jurisdiction to modify the decree, and the court of this state has jurisdiction." (Emphasis added.)
 Considering all these factors, we must conclude that the trial court did not abuse its discretion by declining to exercise jurisdiction over this matter. Appellant's first assignment of error is without merit.
Addressing appellant's third assignment of error next, appellant argues the trial court erred in failing to conduct an evidentiary hearing on the issue of jurisdiction and venue. In Bowen v. Britton, the court stated:
 "[A] court's decision regarding subject matter jurisdiction under the UCCJA should generally only be made after a plenary hearing and a full explanation of the facts essential to the decision. * * *. Accordingly, we are persuaded that unlike normal subject matter jurisdictional issues, a trial court should generally afford the parties an opportunity to have a full evidentiary hearing prior to deciding whether to assume jurisdiction under the UCCJA provisions over a motion to modify a custody decree entered in another state."[14]
 We agree. In this case, the parties were present in court for a hearing on appellant's motion to modify the visitation order. The trial court was certainly within
its authority to consider jurisdiction and venue. However, we conclude it was an abuse of discretion to dismiss appellant's motion on the basis of improper venue without first conducting a full hearing on the matter. While the judgment entry states the matter was dismissed on the basis of venue, it is not clear what the court found with respect to jurisdiction as distinguished from venue. The trial court needs to make a finding with respect to jurisdiction.
This court recognizes that legal conclusions have been drawn in this case in our evaluation of the first assignment of error. Nevertheless, in these matters, it is essential that parties be given an opportunity to present all relevant facts and that the record be fully developed to allow for proper appellate review. It was an abuse of discretion for the trial court to enter judgment after an informal conference in chambers without conducting a hearing. Appellant's third assignment of error has merit, and we reverse the judgment of the trial court on that basis.
In appellant's second assignment of error, she argues the trial court erred in finding that Ohio was an inconvenient forum. The trial court did not specify that it made such a finding. R.C. 3109.25 sets forth the criteria for determining whether a particular Ohio court is an inconvenient forum for making a parenting determination. It was an abuse of discretion to make such a finding on the basis of an informal, unrecorded conference in chambers. If, on remand, this issue is properly developed and presented to the court, the trial court must apply R.C.3109.25. Its judgment entry must contain findings of fact and conclusions of law sufficient to allow for proper appellate review of the issue. Appellant's second assignment of error has merit.
Our conclusions with respect to the second and third assignments of error render appellant's fourth assignment of error moot. This matter is reversed and remanded for proceedings consistent with this opinion.
FORD, J., concurs in judgment only, CHRISTLEY, J., dissents with Dissenting Opinion.
[1] Durgans v. Durgans (Feb. 9, 2001), Portage App. No. 2000-P-0026, unreported, 2001 Ohio App. LEXIS 492, at *7.
[2] In re Smith (Dec. 4, 1998), Ashtabula App. No. 98-A-0033, unreported, 1998 Ohio App. LEXIS 5805, at *6.
[3] Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
[4] Loetz v. Loetz (1980), 63 Ohio St.2d 1, 2.
[5] Justis v. Justis (1998), 81 Ohio St.3d 312.
[6] Id. at 316.
[7] Id. at fn. 3.
[8] (Citation omitted.) Id. at 317.
[9] Id. at syllabus.
[10] (Citation omitted.) Id. at 317.
[11] In re Asente (1999), 90 Ohio St.3d 91.
[12] Id. at 103, citing Section 1738A(c)(2)(B), Title 28, U.S. Code; and Justis, at 317.
[13] Id. at 92.
[14] (Citations omitted.) Bowen v. Britton (1993), 84 Ohio App.3d 473,480.