OPINION
{¶ 1} Appellant Roger Sexton appeals the decision of Delaware County Court of Common Pleas, Juvenile Division, which deferred jurisdiction to the State of Louisiana pursuant to the Uniform Child Custody Jurisdiction Act ("UCCJA"). Appellee Clara Willis is the former spouse of appellant and the mother of the minor child at issue.
 {¶ 2} The present appeal stems from a custody action concerning the child Harvey Sexton, born in Columbus, Ohio on August 14, 1988. On August 29, 2001, Appellant Roger Sexton filed a complaint in the Delaware County Court of Common Pleas, Juvenile Division, seeking custody of Harvey. Appellant therein alleged that he was a resident of Delaware County, Ohio, and that he and appellee were divorced in Kentucky. He further alleged that appellee, who was granted custody of Harvey in the Kentucky divorce decree, was a resident of Louisiana and had lived there for approximately two years prior to the complaint. Appellant also alleged that Harvey, who had been residing with appellant in Delaware County, Ohio since May 2001, claimed to have been abused by his stepfather in Louisiana. On the same day as the complaint, the court granted an ex parte order granting temporary custody to appellant. On September 4, 2001, appellee filed a motion to dismiss or, in the alternative, a motion to transfer the case to Louisiana, where she had filed her own custody action in the Louisiana Fifth Judicial District Court, West Carroll Parish.
 {¶ 3} A hearing was conducted in Delaware County on September 7, 2001, at which time the court determined that Louisiana was the proper forum, but nonetheless temporarily maintained jurisdiction pending reports from children's services authorities in Ohio and Louisiana. Following further hearings on September 27, 2001 and October 5, 2001, the trial court denied appellant's requests to maintain the action in Ohio, and issued an order pursuant to the UCCJA directing appellant to return with the child to Louisiana for proceedings in that state.
 {¶ 4} Appellant filed a notice of appeal on November 15, 2001, and herein raises the following two Assignments of Error:
 {¶ 5} "I. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN REFUSING TO MAINTAIN JURISDICTION OF THE COMPLAINT PURSUANT TO R.C. 3109.22.
 {¶ 6} "II. THE TRIAL COURT SHOULD HAVE ORDERED THAT THE LOUISIANA COURT PAY FOR APPELLANT'S TRAVEL EXPENSES PURSUANT TO R.C. 3109.35(C)."
 I. {¶ 7} In his First Assignment of Error, appellant argues that the trial court abused its discretion in declining to allow further jurisdiction in Ohio over the issue of child custody. We disagree.
 {¶ 8} "The purpose of the UCCJA is to avoid jurisdictional conflict and to promote cooperation between state courts in custody matters so that a decree is rendered in the state that can best decide the best interest of the child." State ex rel. Aycock v. Mowrey (1989),45 Ohio St.3d 347, 349, 544 N.E.2d 657. It is within the trial court's discretion to assume jurisdiction in a proceeding involving minor children under the UCCJA. Accordingly, the trial court's decision as to whether to exercise jurisdiction pursuant to the UCCJA should only be reversed upon a showing of an abuse of discretion. Bowen v. Britton
(1993), 84 Ohio App.3d 473, 478, 616 N.E.2d 1217.
 {¶ 9} Appellant essentially argues that retention of jurisdiction in Ohio would have been in the child's best interest. R.C. 3109.22(A) provides as follows:
 {¶ 10} "(A) No court of this state that has jurisdiction to make a parenting determination relative to a child shall exercise that jurisdiction unless one of the following applies:
 {¶ 11} "(1) This state is the home state of the child at the time of commencement of the proceeding, or this state had been the child's home state within six months before commencement of the proceeding and the child is absent from this state because of his removal or retention by a parent who claims a right to be the residential parent and legal custodian of a child or by any other person claiming his custody or is absent from this state for other reasons, and a parent or person acting as parent continues to live in this state;
 {¶ 12} "(2) It is in the best interest of the child that a court of this state assumes jurisdiction because the child and his parents, or the child and at least one contestant, have a significant connection with this state, and there is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships;
 {¶ 13} "(3) The child is physically present in this state and either has been abandoned or it is necessary in an emergency to protect the child because he has been subjected to or threatened with mistreatment or abuse or is otherwise neglected or dependent;
 {¶ 14} "(4) It appears that no other state would have jurisdiction under prerequisites substantially in accordance with division (A)(1), (2), or (3) of this section, or a court in another state has declined to exercise jurisdiction on the ground that this state is the more appropriate forum to make a parenting determination relative to the child, and it is in the best interest of the child that this court assume jurisdiction."
 {¶ 15} As appellant's own affidavit indicated that Harvey had resided in Louisiana for approximately two years, there appears to be no significant dispute that Louisiana is the child's "home state" for purposes of subsection (1) of the above provision. (See R.C. 3109.21(E), which defines home state as "the state in which the child, immediately preceding the time involved, lived with his parents, a parent, * * * for at least six consecutive months, * * *. Periods of temporary absence of any of the named persons are counted as part of the six-month or other period.") Appellant therefore argues that Ohio should assume jurisdiction under either R.C. 3109.22(A)(2), (3), or (4).
 {¶ 16} The record in the case sub judice includes transcripts from the three hearings held before Judge Louden in Delaware County in September and October 2001. Said hearings were conducted somewhat informally, interspersed with statements of counsel, including the appointed guardian ad litem, as well as colloquy between the judge and the participants, in lieu of sworn testimony. As frequently occurs in custody disputes, each side leveled accusations at the other of causing the child's present problems. It is further apparent from the transcripts that counseling has occurred for Harvey in both states, not just Ohio. See R.C. 3109.22(A)(2). After hearing such information over the course of the three hearings, the trial court judge concluded that the circumstances weighed in favor of jurisdiction in the home state of Louisiana. As noted hereinbefore, we review this matter under an abuse of discretion standard. Bowen, supra. An abuse of discretion connotes more than an error of law or judgment, it implies the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140. An appellate court should not independently review the weight of the evidence in the majority of cases involving custody matters, but should instead be guided by the presumption that the trial court's findings are correct. Miller v. Miller
(1988), 37 Ohio St.3d 71, 74, 523 N.E.2d 846. We are therefore unpersuaded that the trial court abused its discretion in deferring jurisdiction under the circumstances of this case.
 {¶ 17} Additionally, as there is no specific challenge to the trial court's determination that Louisiana is a UCCJA state (see Judgment Entry, October 18, 2001, para. C), we find R.C. 3109.22(A)(4) inapplicable to the facts presented herein. In a related vein, we find insufficient for reversal appellant's claim that "[a]ll indications presented to the Ohio court were that Appellee had failed to so disclose [to the Louisiana court the existence of proceedings in Ohio]," as this fact was ultimately conveyed to Louisiana prior to any decision by the West Carroll Parish court.
 {¶ 18} Finally, we note appellant also argues that Louisiana lacks in personam jurisdiction over him, and therefore the trial court improperly ordered him to attend further proceedings in that state. He further seeks a ruling that R.C. 3109.35[1] is unconstitutional. However, as appellant has failed to separately set forth these assignments of error, we will not herein address them. See App.R. 16(A).
 {¶ 19} Accordingly, appellant's First Assignment of Error is overruled.
 II. {¶ 20} In his Second Assignment of Error, appellant argues that the trial court erred in not arranging reimbursement for his travel expenses to Louisiana. We disagree.
 {¶ 21} R.C. 3109.35(C) states in pertinent part that "* * * [t]he court may condition compliance with the request upon assurance by the other state that travel and other necessary expenses will be advanced or reimbursed." The word "may" in a statute is generally construed as optional, permissive or discretionary. In re Galloway (1991),77 Ohio App.3d 61, 71, 601 N.E.2d 83, citing Dorrian v. Scioto Conserv.Dist. (1971), 27 Ohio St.2d 102, 107, 271 N.E.2d 834. While appellant expressed to the trial court his concerns about lost wages and transportation costs (Tr., October 5, 2001, at 8-9), in this case we are disinclined to classify as an abuse of discretion the denial of reimbursement by the judge who observed the proceedings firsthand.
 {¶ 22} Appellant's Second Assignment of Error is overruled.
 {¶ 23} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Juvenile Division, Delaware County, Ohio, is hereby affirmed.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Juvenile Division, Delaware County, Ohio, is affirmed.
Costs to appellant.
By: Wise, J., Hoffman, P.J., and Farmer, J., concur.
[1] Pursuant to R.C. 3109.35(C), "[u]pon request of the court of another state, a court of this state may order a person in this state to appear alone or with the child in a parenting proceeding in another state. * * *"