OPINION
{¶ 1} Appellant, Jo Ann Smith Taylor, appeals the decision of the Crawford County Court of Common Pleas, Domestic Relations Division, finding North Carolina had jurisdiction to decide the custody of her two minor children and voiding a Civil Protection Order protecting the children from their father, Thomas Taylor, appellee herein.
 {¶ 2} Jo Ann and Thomas were divorced April 3, 1997 in North Carolina. As part of the divorce decree, appellant and appellee were awarded joint custody of the children, Christine and Laura. Jo Ann was granted primary custody, having the children during the school year and Thomas was awarded secondary custody, having the children on school breaks and summer vacation. Following the divorce, Jo Ann and the children moved to Ohio.
 {¶ 3} In 1998, Jo Ann developed cancer and consented to a change of primary custody. Pursuant to that change, granted by the North Carolina court, the children went to live with Thomas in North Carolina. In 1999, when Jo Ann was healthy again and able to care for her children, she filed a motion for a change of custody, seeking primary custody once again. Thomas contested the change, but the North Carolina court ruled that, in the best interest of the girls, custody should be awarded to Jo Ann. Thomas, however, was awarded visitation wherein the children would visit him in North Carolina at Thanksgiving and for one month during the summer.
 {¶ 4} Jo Ann maintains that when the girls came back from these scheduled visits with their father, they reported that Thomas had abused them, their living conditions were unfit and they did not wish to go back to North Carolina again. Due to these allegations, Jo Ann sought a Civil Protection Order against Thomas from the Crawford County Court of Common Pleas. A full hearing was conducted wherein Thomas was present and introduced evidence. The Crawford County Court of Common Pleas granted the Civil Protection Order and Thomas did not appeal.
 {¶ 5} In 2002, Thomas filed for a change in primary custody of Christine and Laura in North Carolina, alleging that Jo Ann was no longer fit to care for the children. Jo Ann failed to appear at the North Carolina custody hearing. The court entered a judgment in favor of Thomas and ordered the children be returned to North Carolina. When Jo Ann did not return the children, Thomas, by motion, requested the Crawford County trial court to issue an order compelling the children's release pursuant to the North Carolina order. Jo Ann contested Thomas's motion to enforce the North Carolina custody order and sought enforcement of the Civil Protection Order.
 {¶ 6} On September 3, 2002, the motion was heard. The trial court found North Carolina to be the "home state" and the proper court to modify the custody arrangement. The trial court further found that the Civil Protection Order was, therefore, void or voidable because only North Carolina had jurisdiction over the children. Accordingly, the trial court acted to enforce the North Carolina custody decree and ordered the children be relocated with their father in North Carolina.
 {¶ 7} It is from this decision that Jo Ann appeals, asserting two assignments of error for our review.
 ASSIGNMENT OF ERROR NO. I The court erred by finding as a matter of law that the State of Ohiodid not have jurisdiction over the subject children.
 {¶ 8} Jo Ann contends that the Crawford County trial court erred in determining Ohio lacked jurisdiction to adjudicate the custody of her two children. She argues that jurisdiction was lacking for a North Carolina court to modify the custody arrangement because Ohio was the children's "home state," as they had resided in Ohio on a permanent basis since 1999. Jo Ann further argues that the girls had a more significant connection to Ohio as their "school, friends, doctors, counselors and activities were in Ohio."
 {¶ 9} The determination of jurisdiction is governed by the Uniform Child Custody Jurisdiction Act (hereinafter "UCCJA"), adopted by Ohio in R.C. 3109.21 to 3109.37. We note that North Carolina has enacted similar provisions of the UCCJA, found in North Carolina General Statutes, Chapter 50A.
 {¶ 10} Upon review, the trial court's decision as to whether to exercise jurisdiction pursuant to the UCCJA should only be reversed upon a showing of an abuse of discretion. Bowen v. Britton (1993),84 Ohio App.3d 473, 478. The Supreme Court of Ohio has stated that abuse of discretion "connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable."Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 11} The purpose of the UCCJA is to avoid jurisdictional conflict and to promote cooperation between state courts in custody matters so that a decree is rendered in the state that can best decide the best interest of the child. State ex rel. Aycock v. Mowrey (1989),45 Ohio St.3d 347, 349-350 (citations omitted). In effect, the Act generally limits interstate interference in custody proceedings. Id. Generally, the court in which a decree of divorce is originally issued retains continuing jurisdiction over matters relating to the custody, care, and support of the minor children of the parties. Loetz v. Loetz
(1980), 63 Ohio St.2d 1, 2. However, the "mere presence of a prior custody decree entered by another state does not per se preclude an Ohio court from subsequently exercising jurisdiction * * *." Bowen v. Britton
(1993), 84 Ohio App.3d 473, 481. Ohio may exercise its jurisdiction if the requirements of R.C. 3109.22(A) are met.
 {¶ 12} Pertinent to the case at bar, R.C. 3109.22(A)(1) permits an Ohio court to assume jurisdiction to determine custody when Ohio is the child's "home state." R.C. 3109.21 (E) states that the "home state" is the state in which the child, immediately preceding the time involved,
lived with the child's parent for at least six consecutive months. Emphasis added. The record reflects that the Taylor children had lived with their mother in Crawford County, Ohio since she regained custody in 1999. Pursuant to the statute, the primary factor to consider is where the children resided immediately prior to the action, not where pleadings had been filed or even where the children are physically present. Therefore, we find that Ohio is the "home state" of the Taylor children.
 {¶ 13} R.C. 3109.22(A)(2) also allows Ohio to assume jurisdiction when it is in the best interest of the child because the child and at least one parent have a significant connection with Ohio and substantial evidence is available in Ohio. From the record, it is evident that the children have a significant connection to Ohio. The girls have lived in Ohio for five of the six years since their parents' divorce. Although they spent a year in North Carolina, the move was pursuant to Jo Ann's consent for change of custody due to the fact she was undergoing cancer treatment. The girls have gone to school in Ohio for the past four consecutive years. There is available in Ohio substantial evidence regarding the children's present and future care. In contrast, North Carolina is no longer the "home state" of the children and they are not physically present there. Although their father continues to live in North Carolina, the girls have not lived there for four years. Based on these factors, we find that Ohio did, in fact, have jurisdiction over Christine and Laura Taylor.
 {¶ 14} Even assuming that the children's connection to Ohio and North Carolina were equally significant, an Ohio court would still be permitted to exercise jurisdiction, as the UCCJA has been interpreted so that it is possible for more than one state to have jurisdiction in any given case. Michael v. Michael (Dec. 13, 1999), Preble App. No. CA99-05-012. In a case of concurrent jurisdiction, the dispositive issue is whether the trial court should have declared itself an inconvenient forum. Id.
 {¶ 15} The following are factors to consider when determining whether a state is an inconvenient forum: (1) if another state is or recently was the child's home state; (2) if another state has a closer connection with the child and his family or with the child and one or more of the contestants; (3) if substantial evidence, concerning the child's present or future care, protection, training, and personal relationships, is more readily available in another state; and (4) if the parties have agreed on another forum that is no less appropriate. R.C.3109.25 (C)
 {¶ 16} Examining the factors in light of the case sub judice, Ohio is the children's home state, as discussed herein. Regarding factor two, there is evidence that the girls have a connection to both Ohio and North Carolina, although the connection to Ohio appears, from the record, to be more significant. Factor three weighs heavily in favor of Ohio. The girls go to school in Ohio, their doctors and counselors are located in Ohio, as are their friends and activities. Nearly all of the evidence pertaining to the girls' present and future care, protection, training and personal relationships exists in Ohio. Factor four is inapplicable in this case.
 {¶ 17} All three applicable factors weigh in favor of Ohio as the appropriate forum. The Crawford County Court of Common Pleas had jurisdiction as the "home state" and as the state with the most substantial evidence regarding the children's care. Therefore, we find the Crawford County trial court's decision concluding that the State of Ohio lacked jurisdiction over the Taylor children was in error and, as such, constituted an abuse of discretion.
 {¶ 18} Appellant's first assignment of error is sustained.
 ASSIGNMENT OF ERROR NO. II The court erred by finding that the Civil Protection Order granted bythe Crawford County Common Pleas Court was void or voidable because thestate of North Carolina had jurisdiction over the subject children.
 {¶ 19} As found herein, the State of Ohio did not lack jurisdiction over the two daughters of Jo Ann and Thomas Taylor. Pursuant to that finding, the trial court erred in concluding that the Crawford County Court of Common Pleas "made a mistake in the Civil Protection Order, when it said it had jurisdiction over the children, when in fact it did not have jurisdiction over the children."
 {¶ 20} Therefore, appellant's second assignment of error is sustained.
 {¶ 21} Having found error prejudicial to appellant herein, in the particulars assigned and argued, we reverse the judgment of the trial court and remand the matter for further proceedings consistent with this opinion.
Judgment reversed.
BRYANT, P.J., and WALTERS, J., concur.