OPINION
{¶ 1} Appellants Jerlon and Sharon Reeder appeal that portion of the May 6, 2004 Judgment Entry of the Morrow County Court of Common Pleas, Juvenile Division, designating appellee Kelly J. Hunt residential parent of their minor grandchild, while specifically declining to retain jurisdiction over the minor children.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On October 28, 1994, appellants filed a complaint for custody of their minor grandchildren Trent Hunt, DOB 04/06/88 and Cody Hunt, DOB 01/25/92. On March 11, 1996, the trial court awarded appellants custody. On June 12, 1998, this Court reversed the prior award of custody, and on remand the trial court awarded residential parent status to appellee Michael Hunt, the children's father, who resided in Connecticut. The trial court ordered telephone companionship and summer visitation with appellants.
 {¶ 3} On June 2, 2003, appellee Kelly J. Hunt, the children's mother, filed a motion for change of custody. At the time of the trial court proceedings, the children's mother and father resided in Connecticut and Colorado, respectively. On August 5, 2003, Kelly Hunt filed an ex parte order for temporary custody of Trent Hunt. On April 14, 2004, via a Magistrate's Decision, Kelly Hunt was named residential parent of Trent Hunt. Appellants maintained their visitation rights. The trial court adopted the Magistrate's Decision via Judgment Entry of May 6, 2004. The May 6, 2004 Judgment Entry states the trial court will not "retain jurisdiction over the minor children beyond the confirmation of the Magistrate's Decision." It is from this portion of the May 6, 2004 Judgment Entry appellants now appeal, raising the following assignments of error:
 {¶ 4} "I. The trial court erred when it did not retain jurisdiction over the minor children because ohio is the `home state' and it is in the children's best interest for ohio to retain jurisdiction.
 {¶ 5} "II. The trial court failed to extinguish its jurisdiction when it did not find ohio is an inconvenient forum and that it is in the best interest of the children for another state to assume jurisdiction."
 I, II {¶ 6} Both assignments of error raise common and interrelated issues; therefore, we will address the assignments together.
 {¶ 7} Appellants argue the trial court erred in declining to retain jurisdiction over the minor children as Ohio is the home state, it is in the best interest of the children, and the trial court erred in relinquishing jurisdiction where it failed to find Ohio an inconvenient forum.
 {¶ 8} A trial court's decision as to whether to exercise jurisdiction pursuant to the UCCJA should only be reversed upon a showing of an abuse of discretion. Bowen v. Britton (1993),84 Ohio App.3d 473, 478, 616 N.E.2d 1217. The Supreme Court of Ohio has stated abuse of discretion "connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.
 {¶ 9} The purpose of the UCCJA is to avoid jurisdictional conflict and to promote cooperation between state courts in custody matters so that a decree is rendered in the state that can best decide the best interest of the child. State ex rel.Aycock v. Mowrey (1989), 45 Ohio St.3d 347, 349-350,544 N.E.2d 657 (citations omitted). In effect, the act generally limits interstate interference in custody proceedings. Id. Generally, the court in which a decree is originally issued retains continuing jurisdiction. Loetz v. Loetz (1980),63 Ohio St.2d 1, 2, 406 N.E.2d 1093. However, the "mere presence of a prior custody decree entered by another state does not per se preclude another state's court from subsequently exercising jurisdiction * * *." Bowen v. Britton (1993), 84 Ohio App.3d 473, 481,616 N.E.2d 1217.
R.C. 3109.22 provides the following guidelines for determining a court's jurisdiction:
 {¶ 10} "(A) No court of this state that has jurisdiction to make a parenting determination relative to a child shall exercise that jurisdiction unless one of the following applies:
 {¶ 11} "(1) This state is the home state of the child at the time of commencement of the proceeding, or this state had been the child's home state within six months before commencement of the proceeding and the child is absent from this state because of his removal or retention by a parent who claims a right to be the residential parent and legal custodian of a child or by any other person claiming his custody or is absent from this state for other reasons, and a parent or person acting as parent continues to live in this state;
 {¶ 12} "(2) It is in the best interest of the child that a court of this state assumes jurisdiction because the child and his parents, or the child and at least one contestant, have a significant connection with this state, and there is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships;"
 {¶ 13} R.C. 3109.21 defines home state as the following:
 {¶ 14} "(E) `Home state' means the state in which the child, immediately preceding the time involved, lived with his parents, a parent, or a person acting as parent, for at least six consecutive months, and in the case of a child less than six months old the state in which the child lived from birth with any of the persons mentioned. Periods of temporary absence of any of the named persons are counted as part of the six-month or other period."
 {¶ 15} The trial court's May 6, 2004 Judgment Entry states:
 {¶ 16} "At this time the mother continues to reside in Connecticut and the father resides in Colorado. While the original plaintiffs reside in Ohio, their complaint was denied. The only reason that this court continued to exercise jurisdiction was by agreement of the parties, and the fact that at the time of the filing, the minor children were residents of Morrow County. Therefore, the true parties to this action are the mother and father, neither of whom resides in this state. The children have not resided in this state since June of 1998. The parties have agreed to a change of custody for the minor child Trent Hunt, who not resides with the mother in Connecticut."
 {¶ 17} Appellants maintain Ohio is the home state of the children, because it is where they lived at the time the present action was commenced. We disagree with appellant's argument Ohio is the children's home state. Neither child has resided in Ohio since June, 1998, and both custodial parents reside outside Ohio. Further, based upon the above, we do not find the trial court abused its discretion in not finding it in the best interest of the children for the court to continue to exercise jurisdiction, and appellants have not established a significant connection with Ohio to justify continued jurisdiction.
 {¶ 18} It also within the trial court's sound discretion to decline to continue its jurisdiction if it finds "`it is an inconvenient forum to make a parenting determination under the circumstances of the case and that a court of another state is a more appropriate forum.'" In re Smith, supra, quoting R.C.3109.25(A). The finding of an inconvenient forum is governed by R.C. 3109.25 which states in pertinent part:
 {¶ 19} "(C) In determining if it is an inconvenient forum, the court shall consider if it is in the interest of the child that another state assume jurisdiction. For this purpose it may take into account, but is not limited to, any of the following factors:
 {¶ 20} "(1) If another state is or recently was the child's home state;
 {¶ 21} "(2) If another state has a closer connection with the child and his family or with the child and one or more of the contestants;
 {¶ 22} "(3) If substantial evidence concerning the child's present or future care, protection, training, and personal relationships is more readily available in another state;
 {¶ 23} "(4) If the parties have agreed on another forum that is no less appropriate.
 {¶ 24} "(D) Before determining whether to decline or retain jurisdiction, the court may communicate with a court of another state and exchange information pertinent to the assumption of jurisdiction by either court for the purpose of assuring that jurisdiction is exercised by the more appropriate court and that a forum is available to the parties.
 {¶ 25} "(E) If the court finds that it is an inconvenient forum and that a court of another state is a more appropriate forum, it may dismiss the proceedings, or may stay the proceedings upon condition that a custody proceeding be promptly commenced in another named state or upon any other conditions that may be just and proper, including the condition that a moving party stipulate his consent and submission to the jurisdiction of the other forum."
 {¶ 26} We presume, unless the record demonstrates otherwise, the trial court applied the correct legal standard and weighed appropriate considerations. A review of the court's May 6, 2004 Judgment Entry indicates the trial court did not abuse its discretion in declining to continue jurisdiction. The court specifically found the true parties to the action did not reside in Ohio, and the children have not resided in Ohio since June 1998. The parties agreed to a change of custody for the minor child Trent, who now resides in another state. The trial court implicitly found it was an inconvenient forum, and another state court would be a more appropriate forum.
 {¶ 27} Appellants' first and second assignments of error are overruled.
 {¶ 28} The May 6, 2004 Judgment Entry of the Morrow County Court of Common Pleas, Juvenile Division is affirmed.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the May 6, 2004 Judgment Entry of the Morrow County Court of Common Pleas, Juvenile Division is affirmed. Costs assessed to appellants.