OPINION
{¶ 1} This is an appeal from a decision of the Juvenile Division of the Court of Common Pleas of Stark County which dismissed the complaint for custody of Appellant's minor child due to lack of jurisdiction.
 {¶ 2} As no Appellee's Brief was filed, we shall accept the facts as stated by Appellant. App. Rule 16(B).
 STATEMENT OF THE FACTS AND CASE {¶ 3} Samuel Estvon Signo was born on May 22, 2002, in Houston, Texas to Appellant, Toni Demetro. The father is David Theodore Signo, aka Mitchell Signo.
 {¶ 4} The child has resided in Stark County since October, 2002.
 {¶ 5} On May 12, 2003, the 328th Judicial District, Fort Bend, Texas conducted a hearing as to the rights and obligations of each of the respective parents. Appellee was appointed as managing conservator of the child, which is equivalent to being granted custody.
 {¶ 6} It is asserted by Appellant, who did not appear at the hearing in Texas, that the child's address and home state was incorrectly listed as Texas and that her Stark County address was fictitious. The Texas Court found service to be proper and relied upon the child's listed Texas address to determine it to be the child's home state.
 {¶ 7} On August 11, 2003, Appellant filed her complaint for custody of the child in Stark County. A motion to dismiss for lack of jurisdiction was filed by Appellee's father on September 16, 2003, with an attached copy of the order from the Texas Court.
 {¶ 8} The Court in Stark County sustained such motion without an evidentiary hearing on the succeeding day, September 17, 2003.
 {¶ 9} Two Assignments of Error are raised:
 ASSIGNMENTS OF ERROR {¶ 10} "I. The trial court erred as a matter of law in finding that the courts of the state of ohio lack jurisdiction, where ohio has jurisdiction under the uniform child custody jurisdiction act.
 {¶ 11} "II. The trial court abused its discretion in refusing to conduct an evidentiary hearing on whether the court had jurisdiction under the uniform child custody jurisdiction act."
 I., II. {¶ 12} The first Assignment of Error asserts an incorrect determination of law relative to the jurisdiction of the Ohio court because of the prior order issued in Texas. This Assignment is closely intertwined with the Second Assignment in that there are certain factual matters affecting jurisdiction which have been raised by the custody motion of Appellant, the motion to dismiss by Appellee and the unopposed brief on appeal of Appellant reciting certain factual matters which must be accepted on their face as accurate pursuant to appellate rule.
 {¶ 13} These matters, under Ohio law and under R.C. 3109.21
to 3109.37, could not be determined without at least the opportunity to Appellant to respond to Appellee's motion. Such opportunity to respond was not given.
 {¶ 14} An examination of Appellee's motion indicates that Appellant and Appellee left Texas with the child and resided in Detroit, Michigan, prior to Appellant coming to Canton, Ohio, with such child and that residence here exceeded the six-month period of R.C. 3109.21(E).
 {¶ 15} Appellee's motion to dismiss including the Texas order claimed that the child's home state at filing was Texas, a contradiction, if the facts in Appellant's custody motion are correct, as Ohio would have been the "home state".
 {¶ 16} R.C. 3109.21(E) states:
 {¶ 17} "(E) "Home state" means the state in which the child, immediately preceding the time involved, lived with the child's parents, a parent, or a person acting as parent, for at least six consecutive months, and in the case of a child less than six months old the state in which the child lived from birth with any of the persons mentioned. Periods of temporary absence of any of the named persons are counted as part of the six-month or other period."
 {¶ 18} If the actual facts would establish that the child's home state was Ohio, then perhaps a fraud on the Texas court has been committed, or at least, Ohio jurisdiction may be applicable.
 {¶ 19} The uncontested factual statements in Appellant's appeal indicate a fictitious address attributed to Appellant on which the Texas service and jurisdiction may lie. Whether service was accomplished is unknown since no response time to the motion to dismiss was provided.
 {¶ 20} Appellee's motion to dismiss references the Parental Kidnapping Protection Act (28 U.S.C. § 1738 (A)), however, no facts were before the Court as to whether the child was wrongfully taken by Appellant, as her custody motion indicates merely a moving from Michigan to Ohio. If no wrongful taking occurred, such Federal Act would be inapplicable.
 {¶ 21} Appellee's motion to dismiss also asserts that the child was a ward of the court in Texas, but nothing of record supports this statement.
 {¶ 22} While there is no question that the Texas court was involved in the child's custody prior to that of Ohio, essential questions, as stated, exist as to actual service upon Appellant, the facts leading to the moving by Appellant and the child to Ohio and by Appellee to Texas.
 {¶ 23} Also, the mere fact that proceedings were first commenced in Texas does not necessarily vest exclusive jurisdiction therein even if service upon Appellant occurred.
 {¶ 24} An examination of the applicable statutes as applied to the factual determinations must be made.
 {¶ 25} For example, R.C. 3109.21(G) states:
 {¶ 26} "(G) `Modification decree' means a parenting decree that modifies or replaces a prior decree, whether made by the court that rendered the prior decree or by another court."
 {¶ 27} Subparagraph (I) of the same section provides:
 {¶ 28} "Person acting as parent" means a person, other than a parent, who has physical custody of a child and who either has been awarded custody by a court or claims a right to custody."
 {¶ 29} R.C. 3109.22 (A)(1) and (2) are:
 {¶ 30} "(A) No court of this state that has jurisdiction to make a parenting determination relative to a child shall exercise that jurisdiction unless one of the following applies:
 {¶ 31} "(1) This state is the home state of the child at the time of commencement of the proceeding, or this state had been the child's home state within six months before commencement of the proceeding and the child is absent from this state because of his removal or retention by a parent who claims a right to be the residential parent and legal custodian of a child or by any other person claiming his custody or is absent from this state for other reasons, and a parent or person acting as parent continues to live in this state;
 {¶ 32} "(2) It is in the best interest of the child that a court of this state assumes jurisdiction because the child and his parents, or the child and at least one contestant, have a significant connection with this state, and there is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships;"
 {¶ 33} Other potentially applicable statutes are R.C.3109.24(A)(B)(C), R.C. 3309.25(D):
 {¶ 34} "(A) A court of this state shall not exercise its jurisdiction, if at the time of filing the petition a parenting proceeding concerning the child was pending in a court of another state exercising jurisdiction substantially in conformity with sections 3109.21 to 3109.36 of the Revised Code, unless the proceeding is stayed by the court of the other state because this state is a more appropriate forum or for other reasons.
 {¶ 35} "(B) Before hearing the petition in a parenting proceeding, the court shall examine the pleadings and other information supplied by the parties under section 3109.27 of the Revised Code and shall consult the child parenting and custody registry established under division (A) of section 3109.33 of the Revised Code concerning the pendency of parenting proceedings with respect to the child in other states. If the court has reason to believe that parenting proceedings may be pending in another state, it shall direct an inquiry to the state court administrator or other appropriate official of the other state.
 {¶ 36} "(C) If a court is informed during the course of a parenting proceeding that a parenting proceeding concerning the child was pending in a court of another state before the court assumed jurisdiction, it shall stay the proceeding and communicate with the court in which the other proceeding is pending for the purpose of litigating the issue in the more appropriate forum and to ensure that information is exchanged in accordance with sections 3109.34 to 3109.36 of the Revised Code. If a court of this state has made a parenting decree before being informed of a pending proceeding in a court of another state, it immediately shall inform that court of the fact. If a court of this state is informed that a proceeding was commenced in another state after it assumed jurisdiction, it shall inform the other court for the purpose of litigating the issues in the more appropriate forum."
 {¶ 37} R.C. 3309.25(D) states:
 {¶ 38} "(D) Before determining whether to decline or retain jurisdiction, the court may communicate with a court of another state and exchange information pertinent to the assumption of jurisdiction by either court for the purpose of assuring that jurisdiction is exercised by the more appropriate court and that a forum is available to the parties."
 {¶ 39} As to the possible lack of proper service upon Appellant in the Texas proceeding, R.C. 3109.31 may be applicable:
 {¶ 40} "(A) If a court of another state has made a parenting decree, a court of this state shall not modify that decree, unless it appears to the court of this state that the court that rendered the decree does not now have jurisdiction under jurisdictional prerequisites substantially in accordance with sections 3109.21 to 3109.36 of the Revised Code, or has declined to assume jurisdiction to modify the decree, and the court of this state has jurisdiction.
 {¶ 41} "(B) If a court of this state is authorized under division (A) of this section and section 3109.26 of the Revised Code to modify a parenting decree of another state, it shall give due consideration to the transcript of the record and other documents of all previous proceedings submitted to it in accordance with division (B) of section 3109.36 of the Revised Code."
 {¶ 42} In conclusion, jurisdiction in Ohio may lie, notwithstanding the order in Texas or concurrent jurisdiction may rest with both states. The mere existence of a prior order is not, of itself, conclusive, and, also, the court may have authority to modify the prior order from Texas depending on the best interests of the child.
 {¶ 43} The Ohio Supreme Court in Justis v. Justis ( 1998),81 Ohio St.3d 312, held the following even though a prior North Carolina order existed:
 {¶ 44} "In ongoing proceeding for custody of children incident to divorce, children's father and grandmother filed contempt motion against mother. Mother moved to dismiss and filed North Carolina custody decree with trial court. The Meigs County Court of Common Pleas determined that it had jurisdiction over dispute and that Ohio was proper forum for resolution of issues relating to custody, and found mother in contempt. Mother appealed. The Court of Appeals affirmed. On allowance of discretionary appeal, the Supreme Court, Francis E. Sweeney, Sr., J., held that: (1) jurisdiction of Ohio court was proper under Uniform Child Custody Jurisdiction Act (UCCJA) as enacted in Ohio; (2) North Carolina court lacked jurisdiction, under federal Parental Kidnapping Prevention Act (PKPA), to modify parenting determination made by Ohio court; and (3) Ohio court had authority to issue contempt order against mother for her failure to abide by terms of its prior parenting determination modifying custody.
Affirmed."
 {¶ 45} Other cases addressing jurisdiction in varying aspects are the following rules:
 {¶ 46} "Where an Ohio court assumes jurisdiction in a suit to modify an out-of-state custody decree pursuant to RC3109.22(A)(4), and there is no statute specifically prohibiting the assumption of jurisdiction by the Ohio court, a writ of prohibition preventing the Ohio court from proceeding in the change-of-custody action will not lie. State ex rel. Aycock v.Mowrey (1989) 45 Ohio St.3d 347, 544 N.E.2d 657.
 {¶ 47} "Ohio was child's home state for purposes of custody proceedings, and thus Ohio trial court had proper jurisdiction over child, although father, who was an enrolled member of Indian tribe, had previously filed complaint in tribal court in North Carolina seeking custody, as at the time mother filed her complaint in Ohio trial court, child, who was born in Ohio, had resided there with mother since her birth and was less than six months old. In re Absher Children (2001) 141 Ohio App.3d 118,750 N.E.2d 188, 2001-Ohio-4197, dismissed, appeal not allowed91 Ohio St.3d 1489, 745 N.E.2d 437.
 {¶ 48} "Determining custody under Uniform Child Custody Jurisdiction Act (UCCJA) is within discretion of trial court. Inre Skrha (1994) 98 Ohio App.3d 487, 648 N.E.2d 908.
 {¶ 49} "Exclusive continuing jurisdiction exists under Uniform Child Custody Jurisdiction Act (UCCJA) so long as child or parent resides in state which rendered original decree. Boehnv. Shurtliff (1993) 90 Ohio App.3d 363, 629 N.E.2d 478.
 {¶ 50} "Where a child has been residing and attending school in Ohio and both she and the custodial parent have been receiving counseling from Ohio mental health services, it is in the child's best interests that litigation concerning her custody occur in Ohio; thus, Ohio courts have jurisdiction over the custody action, even though the original custody order was made by a Kentucky court. In re Reynolds (1982) 2 Ohio App.3d 309,441 N.E.2d 1141, 2 O.B.R. 341.
 {¶ 51} "Despite Florida court's inherent power to modify its previous order and grandparents' continuing residency in Florida, where Florida is not the child's home state and substantial evidence concerning the child's present or future care, protection, training, and personal relationships is not available in Florida, Ohio has jurisdiction under RC 3109.22. Churchill v.Wood, No. 91-CA-91, (2d Dist Ct App, Greene, 4-7-93)."
 {¶ 52} While we do not conclude that an evidentiary hearing was necessarily required, sufficient facts must be apparent with a reasonable response time provided.
 {¶ 53} See the following:
 {¶ 54} "Trial court did not commit reversible error by failing to conduct an evidentiary hearing on whether court had jurisdiction in child custody matter under Uniform Child Custody Jurisdiction Act, since there were sufficient undisputed facts for reviewing court to determine the particular question. Esawv. Esaw (June 25, 2003), Belmont App. No. 02BA6, 2003-Ohio-3485.
 {¶ 55} "Dismissal, for lack of jurisdiction, of biological father's motion for custody of child removed by mother to Florida, without making express findings to support dismissal, was abuse of discretion; child was born and lived in Ohio for period of six consecutive months prior to father's motion, and father lived in Ohio. Buchheit v. Watson (Dec. 20, 2002), Lake App. No. 2001-L-189, 2002-Ohio-7147.
 {¶ 56} We, therefore, conclude that an abuse of discretion occurred in reliance solely upon the statements of Appellee's motion to dismiss without the opportunity, if desired, to present or challenge applicable facts. Such was an arbitrary determination.
 {¶ 57} In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217. We must look at the totality of the circumstances in the case sub judice and determine whether the trial court acted unreasonably, arbitrarily or unconscionably.
 {¶ 58} We, therefore, sustain the First Assignment of Error in that the trial court had an insufficient basis at the time of its order as to jurisdiction.
 {¶ 59} As to the Second Assignment, we find an abuse of discretion in the arbitrary dismissal without an evidentiary basis even though we do not necessarily agree that an evidentiary hearing was required.
 {¶ 60} We, therefore, reverse the trial court's decision and remand for proceedings in accordance herewith.
Boggins, J., Farmer, P.J. and Wise, J. concur.