OPINION
{¶ 1} Defendant, John Call, was convicted of murder and kidnapping in 1974. He was sentenced to serve a term of imprisonment of from fifteen years to life.
 {¶ 2} On January 4, 2004, Call filed an application for DNA testing pursuant to R.C. 2953.71, et seq. His application identified Call's fingerprint on the murder weapon as the evidence to be tested for DNA comparisons.
 {¶ 3} R.C. 2953.74(C) provides that the court may accept an application for DNA testing only if: "(1) the court determines pursuant to section 2953.75 of the Revised Code that biological material was collected from the crime scene or the victim of the offense for which the inmate is an eligible inmate and is requesting DNA testing and that the parent sample of that biological material against which a sample from the inmate can be compared still exists at that point in time." (Emphasis supplied).
 {¶ 4} "Biological material" is defined by R.C. 2953.71(B) to mean "any product of a human body containing DNA." It is doubtful that trace fingerprint evidence satisfies that definition. But, even if it might, the trial court did not abuse its discretion when it denied Call's application for DNA testing, which is the error he assigns on appeal.
 {¶ 5} R.C. 2953.75(A) requires the court to direct the prosecuting attorney to canvass any and all law enforcement authorities that might have retained the biological material to be tested to determine "whether the parent sample of that biological material still exists at that point in time." The trial court did that, and pursuant to R.C. 2953.75(B), the prosecuting attorney reported that no such biological material yet exists. Based on that report, which portrays the exhaustive search that R.C. 2953.75(A)(1)-(6) requires, the court found that no biological material on which DNA tests could be performed yet exists, and the court denied Call's application on that finding, as R.C. 2953.74(C)(1) requires.
 {¶ 6} Call does not identify any basis on which we can find that the trial court abused its discretion when it denied his application, and we can find none. Accordingly, his assignment of error is overruled and the judgment of the trial court will be affirmed.
Brogan, J. and Donovan, J., concur.