OPINION
{¶ 1} The Appellant in this matter was convicted of murder and kidnaping in 1974 in the Montgomery County Common Pleas Court. His convictions were affirmed by this Court in 1975. See State v. Call (Dec. 4, 1975), Montgomery App. No. 4728. On September 15, 2000, the trial court found Call to be a sexual predator. On October 26, *Page 2 
2000, Call sought leave to appeal from the trial court the predator determination. The trial court never ruled on Call's motion, however. In January 2004, Call filed an application for DNA testing pursuant to R.C.2953.71. The trial court denied his request, and we affirmed the trial court's judgment on July 9, 2006. See State v. Call, Montgomery App. No. 21184, 2006-Ohio-2905.
 {¶ 2} Prior to our affirming the trial court's refusal to grant Call's application for DNA testing, Call filed a "Motion for Permission to file a Supplemental to the Motion to Amend the Appeal in R.C. 2950." On June 13, 2006, the trial court overruled Call's motion, finding it was without jurisdiction to entertain Call's motion because Call's appeal of his application for DNA denial was before this Court. On July 3, 2006, Call requested the trial court to reconsider its earlier decision that it did not have jurisdiction to consider his "appeal" of the sexual predator classification. On July 6, 2006, the trial court again overruled his motion. This appeal followed on July 31, 2006.
 {¶ 3} In his appellate brief, Call argues that he had decided to appeal his sexual predator classification in 2000 and his appointed counsel was ineffective for failing to perfect an appeal of that decision. The State argues that Call's appellate brief should be treated as a request for leave to appeal the trial court's 2000 designation of him as a sexual predator. The State argues that it is unlikely that Call could have been unaware for six years that his appointed counsel had not appealed the predator designation. Call appears to have been trying to get the trial court to permit him to appeal the predator classification to this Court. This the trial court could not do and it properly dismissed Call's request. Call did not timely appeal that decision because his motion to reconsider is a nullity. Call may seek to appeal the trial court's predator determination in 2000 in *Page 3 
this court by a proper motion for leave to appeal in this court. His appeal of the trial court's ruling in this matter was untimely. This appeal is ordered Dismissed.
 FAIN and DONOVAN, JJ., concur. *Page 1