OPINION *Page 2 
{¶ 1} Appellant, Jason J. Collins, appeals from the decision of the Guernsey County Juvenile Court declining to exercise jurisdiction in this child custody matter. For the following reasons, we affirm.
 {¶ 2} Appellant ("Father") and Appellee Lorrinda D. Collins ("Mother) were married in State of New York and one child Caleb D. Collins (DOB 1/13/03) was born of the marriage. The parties remain married but are currently living separate and apart.
 {¶ 3} On February 13, 2004, Mother was granted sole custody of Caleb in the Family Court of Dutchess County, New York in Family Unit No. 36949, Docket No. V-010113-04.
 {¶ 4} In March 2004, the family moved together to Guernsey County, Ohio. They remained in Guernsey County until the beginning of May, 2006. At that time, Mother returned to the State of New York with Caleb. On May 8, 2006, Mother telephoned Father from the State of New York and requested that he pick up Caleb. Father traveled to New York to pick up the child.
 {¶ 5} Father filed a Complaint of Custody with the Guernsey County Common Pleas Court, Juvenile Division on June 22, 2006 for temporary emergency custody of Caleb. The trial court granted the appellant's Motion for Ex Parte Temporary Custody.
 {¶ 6} Mother filed a Motion to Dismiss for Lack of Jurisdiction on July 10, 2006. Mother argued that the trial court lacked jurisdiction over Caleb by asserting that the Family Court in Duchess County, New York had jurisdiction over the child. Mother requested that the Emergency Temporary Orders of the trial court be vacated and that Caleb be returned to her custody. *Page 3 
 {¶ 7} A pretrial was held on July 12, 2006. Sworn testimony was not taken in this matter nor was a hearing held.
 {¶ 8} Mother filed a Supplemental Memorandum in Support of the Motion to Dismiss for Lack of Jurisdiction on July 20, 2006. Appellant filed his memorandum in opposition on July 20, 2006.
 {¶ 9} By Entry dated July 26, 2006, the trial court dismissed the Father's complaint on the basis the "child's residency in the State of New York for the ten (10) days within the six month period prior to the filing of this action has removed Ohio as the "home state" under R.C.3127.15. In addition, the trial court further found that the State of New York has previously asserted jurisdiction over Caleb and the trial court did not have jurisdiction to proceed.
 {¶ 10} The trial court vacated the Emergency Temporary Custody Order filed on June 22, 2006 and ordered Caleb returned to the custody of his Mother so that the child may return to the State of New York.
 {¶ 11} A Notice of Appeal was filed on August 23, 2006 raising the following assignments of error:
 {¶ 12} "I. THE TRIAL COURT ERRED AS A MATTER OF LAW AND COMMITTED PLAIN ERROR BY DENYING JURISDICTION IN STATING THAT THE STATE OF NEW YORK HAD JURISDICTION RATHER THAN THE STATE OF OHIO.
 {¶ 13} "II. THE TRIAL COURT ERRED AS A MATTER OF LAW AND COMMITTED PLAIN ERROR BY DENYING THE APPELLANT AN ORAL HEARING REGARDING THE MATTER OF JURISDICTION." *Page 4 
 {¶ 14} Both assignments of error are interrelated and will be addressed together. Father argues the trial court erred in declining to retain jurisdiction over Caleb as Ohio is the "home state" of Caleb under R.C. 3127.15. Further, he argues it is in the best interest of Caleb that Ohio exercise jurisdiction over this matter and that the trial court erred when it failed to hold an evidentiary hearing on this issue.
 {¶ 15} A trial court's decision as to whether to exercise jurisdiction pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA"), as codified in Ohio R.C. Chapter 3127, should only be reversed upon a showing of an abuse of discretion. Hall v. Hall, Licking App. No. 06CA134, 2007-Ohio-4199, citing Bowen v. Britton (1993), 84 Ohio App.3d 473, 478, 616 N.E.2d 1217. The Supreme Court of Ohio has stated abuse of discretion "connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219, 450 N.E.2d 1140.
 {¶ 16} The purpose of the UCCJEA is to avoid jurisdictional conflict and to promote cooperation between state courts in custody matters so that a decree is rendered in the state that can best decide the best interest of the child. State ex rel. Aycock v. Mowrey (1989),45 Ohio St.3d 347, 349-350, 544 N.E.2d 657 (citations omitted). In effect, the act generally limits interstate interference in custody proceedings.Id. Generally, the court in which a decree is originally issued retains continuing jurisdiction. Loetz v. Loetz (1980), 63 Ohio St.2d 1, 2,406 N.E.2d 1093. Ohio courts must give full faith and credit to the valid child custody determinations of sister states. R.C. 3127.33(A). *Page 5 
 {¶ 17} However, the "mere presence of a prior custody decree entered by another state does not per se preclude another state's court from subsequently exercising jurisdiction * * *." Bowen v. Britton (1993), 84 Ohio App.3d 473, 481, 616 N.E.2d 1217. The UCCJEA prioritizes "home state" jurisdiction. R.C. 3127.15 (A) (1) and (2) permits a court of this state to make an initial determination in a child custody proceeding if Ohio is the "home state" of the child on the date the proceedings are commenced. A child's "home state" is one where he lived with parent for at least six consecutive months prior to the commencement of the custody or visitation proceeding. R.C.3127.01(B)(7). In calculating the six-month period, a temporary absence of the child or parent is counted as part of the six-month period. The statute does not define the meaning of "temporary absence".
 {¶ 18} However, the UCCJEA also mandates that if a previous child custody determination has been issued in another state, a court of this state may only issue limited temporary emergency orders until an order is obtained from the other state within the period of time specified or until the period expires. R.C. 3127.18 (C). In addition, a court of this state "shall immediately communicate with the court of that state to resolve the emergency, protect the safety of the parties and the child, and determine a period for the duration of the temporary order. R.C.3127.18 (D).
 {¶ 19} R.C. 3127.17 expressly prohibits a court of this state from modifying a child custody determination made by a court of another state, other than a temporary emergency order, unless a court of this state has jurisdiction under R.C. 3127.15 (i.e. the home state) and establishes one of the following criteria: (1) the court of the other state determines that it no longer has exclusive, continuing jurisdiction; (2) a court of the *Page 6 
other state determines that a court of this state would be a more convenient forum under R.C. 3127.21 or (3) the court of this state or a court of the other state determines that the child and the child's parents do not presently reside in the other state.
 {¶ 20} Therefore, even if Ohio were deemed to be the home state of Caleb, an Ohio court could only modify the prior custody order if (1) the court in New York determined that it no longer had exclusive, continuing jurisdiction; (2) the court in New York determined that an Ohio court would be a more convenient forum; or (3) the court in New York or Ohio determined that Caleb and his parent do not presently reside in New York.
 {¶ 21} Under the relevant facts of this case it is clear that even if Ohio were deemed to be Caleb's home state when the complaint was filed, the other relevant provisions of R.C. 3127.17 did not apply in order to vest jurisdiction in an Ohio court to modify, other than on an emergency basis, the prior custody order rendered by the court in New York.
 {¶ 22} The parties agree Caleb was born in New York in January 2003; the original custody order was rendered in New York in February 2004; the family moved to Ohio in 2004; Mother moved back to New York with the Caleb at the beginning of May 2006 and he returned shortly thereafter to Ohio with appellant. The other state, New York, has made no determinations regarding the prior custody order or its continuing jurisdiction. Further, Mother was a resident of New York at the time this matter was filed.
 {¶ 23} Therefore, we find the trial court did not abuse its discretion in declining to exercise jurisdiction over this matter as the criteria to establish jurisdiction under R.C. 3127.17 had not been meet by appellant. *Page 7 
 {¶ 24} Appellant also argues the trial court abused its discretion by failing to hold a hearing. This Court In re Samuel Estvon Signo, A MinorChild, Stark App. No. 2003CA00335, 2004-Ohio-1633, stated that "we do not conclude that an evidentiary hearing was necessarily required, sufficient facts must be apparent with a reasonable response time provided." In that case, we found an abuse of discretion because the trial court failed to hold a hearing and relied solely on appellee's statements in the Motion to Dismiss without a response from appellant.
 {¶ 25} The facts of this case are distinguishable from In reSamuel. Here, Mother filed a Motion to Dismiss and appellant responded with a Motion Contra to Respondent's Motion to Dismiss for Lack of Jurisdiction. There was no dispute between the parties relative to the essential facts underlying the jurisdictional issue; therefore, there was sufficient evidence before the trial court to determine jurisdiction. Accordingly, the trial court did not abuse its discretion in deciding jurisdiction without a hearing on these facts.
 {¶ 26} Appellant's assignments of error I and II are overruled. *Page 8 
 {¶ 27} The decision of the Guernsey County Court of Common Pleas, Juvenile Division is affirmed.
 Delaney, J., Wise, P.J. and Edwards, J. concur. *Page 9 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Guernsey County Court of Common Pleas is affirmed. Costs assessed to appellant. *Page 1