[Cite as *Mumford v. Shackleton*, 2011-Ohio-5583.]

COURT OF APPEALS
STARK  COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STEPHEN M. MUMFORD, | : | JUDGES: |
| | : | |
| | : | Hon.  W. Scott Gwin, P.J. |
| Plaintiff-Appellant, | : | Hon.  William B. Hoffman, J. |
| | : | Hon.  Patricia A. Delaney, J. |
| v. | : | |
| | : | Case No. 2011-CA-00107 |
| DANA SHACKLETON, | : | |
| | : | |
| | : | |
| Defendant-Appellee. | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Stark County Court of
                             Common Pleas, Family Division, Case No.
                             2011DR00302


JUDGMENT:                    AFFIRMED

DATE OF JUDGMENT ENTRY:      October 24, 2011


APPEARANCES:

For Plaintiff-Appellant:              For Defendant-Appellee:

ROSEMARY G. RUBIN                     MATTHEW W. OBERHOLTZER
The Victorian Professional Building   116 Cleveland Avenue NW
1435 Market Ave. North                Courtyard Centre/Suite 650
Canton, Ohio 44714                    Canton, Ohio  44702

*Delaney, J.*

{¶ 1} Appellant Stephen M. Mumford, a resident of Stark County, appeals the May 9, 2011 judgment of the Stark County Court of Common Pleas, Family Division, which denied temporary emergency jurisdiction over Appellant's minor child A.Y., a resident of Philadelphia, Pennsylvania.

{¶ 2} Appellant and Appellee Dana Shackleton married on June 13, 2002, in North Carolina and A.Y. was born issue of the marriage on December 23, 2003. The couple has lived separate and apart since March, 2008. At that time, Appellee and A.Y. moved to Philadelphia.

{¶ 3} On March 11, 2011, Appellant filed for divorce in Stark County and sought temporary allocation of parental rights and responsibilities for A.Y. The same day, Appellant filed a motion for ex parte order requiring that A.Y. remain in the jurisdiction of Stark County pursuant to R.C. 3127.18(A)(2) and R.C. 3127.15. Appellant alleged he was contacted by relatives of Appellee to retrieve A.Y. when Appellee was about to be incarcerated in Philadelphia. Appellant further alleged that Appellee had lost her apartment and there was no satisfactory place for A.Y. to live. Lastly, Appellant alleged A.Y. had missed a considerable amount of school due to Appellee's excessive drinking.

{¶ 4} A magistrate issued an ex parte order placing A.Y. in Appellant's temporary custody, allowing Appellant to enroll A.Y. in school and preventing either parent from removing A.Y. from Stark County until further order of the court. The magistrate also appointed a guardian ad litem.

{¶ 5} The matter was set for hearing on March 23, 2011. The same day, Appellee filed a motion to dismiss the divorce complaint and ex parte order on the

grounds the Stark County Court of Common Pleas lacked jurisdiction over the minor child and sought immediate return of A.Y. to Pennsylvania.

{¶ 6} At hearing, the trial court heard the arguments of counsel regarding jurisdiction and took the matter under advisement. The trial court also referred the matter to the Stark County Department of Job and Family Services due to the allegations of neglect, dependency and abuse of A.Y.

{¶ 7} On April 21, 2011, Appellee filed a motion for return of A.Y., which was originally set for hearing on May 16, 2011, however, it was continued until June 27, 2011.

{¶ 8} On May 9, 2011, the trial court issued the following order:

{¶ 9} "The Court finds that Pennsylvania is the home state of the parties' child, pursuant to ORC 3127.15. No action has been filed in Pennsylvania. ORC 3127.18 does not confer authority for this court to issue emergency custody orders as there is insufficient evidence to convince this court that the child is abandoned, mistreated or abused. The allegations of potential neglect are insufficient to warrant this court to confer emergency jurisdiction. All orders with regard to [A.Y.] DOB 12/23/2003 are vacated. The child is to be returned to the legal custody of his mother, Dana Shackelton [sic]. The Stark County Sheriff and/or any police agency having jurisdiction are directed to facilitate the return of the child to his mother forthwith."

{¶ 10} Subsequently, both the trial court and this Court denied Appellant's motion to stay the May 9th order.

{¶ 11} Appellant filed a timely appeal.

{¶ 12} Assignments of Error are as follows:

**{¶ 13}** "I.   THE TRIAL COURT ERRED IN DISMISSING THE ISSUE OF CUSTODY AND FINDING THAT OHIO REVISED CODE §3127.18 DID NOT CONFER AUTHORITY ON THE COURT TO ISSUE EMERGENCY CUSTODY ORDERS.

**{¶ 14}** "II.   THE TRIAL COURT ERRED IN NOT GRANTING PLAINTIFF/APPELLANT ADDITIONAL TIME TO PRESENT EVIDENCE OF THE ABUSE AND MISTREATMENT OF [A.Y.] BY THE DEFENDANT/APPELLEE.

**{¶ 15}** "III.   THE TRIAL COURT ERRED IN GRANTING LEGAL CUSTODY TO THE DEFENDANT/APPELLEE WHEN NO CUSTODY DETERMINATION HAD BEEN RENDERED UNDER OHIO REVISED CODE §3109.03."

I.

**{¶ 16}** In the first Assignment of Error, Appellant argues the trial court erred in concluding it lack jurisdiction to issue emergency custody orders pursuant to R.C. 3127.18(A)(2) under the facts of this case. We disagree.

**{¶ 17}** The Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA"), as codified in Ohio R.C. Chapter 3127, is designed to avoid jurisdictional conflicts and to promote cooperation between state courts in custody matters so that a decree is rendered in the state that can best decide the best interest of the child. *State ex rel. Aycock v. Mowrey* (1989), 45 Ohio St.3d 347, 349-350, 554 N.E.2d 657 (citations omitted).   A trial court's decision as to whether to exercise jurisdiction pursuant to the UCCJEA should only be reversed upon a showing of an abuse of discretion.   *In The Matter of Collins*, 5th Dist. No. 06CA000028, 2007-Ohio-4582, at ¶ 15.   The Ohio Supreme Court has stated abuse of discretion "connotes more than an error of law or judgment;   it   implies   that   the   court's   attitude   is   unreasonable,   arbitrary   or

unconscionable." *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.

{¶ 18} R.C. 3127.18(A)(2) authorizes Ohio courts to exercise temporary emergency jurisdiction over children when " * * * [i]t is necessary in an emergency to protect the child because the child * * * is subjected to or threatened with mistreatment or abuse."

{¶ 19} In this case, the trial court heard arguments of counsel and subsequently determined there was "insufficient evidence to convince the court that the child is abandoned, mistreated or abused." Judgment Entry, May 9, 2011.

{¶ 20} On appeal, Appellant contends he traveled to Philadelphia to pick up his son because Appellee's family notified him that Appellee had been arrested and was about to be evicted. Furthermore, Appellant was told that if he did not come and get A.Y., the child would be sent to foster services. Lastly, once A.Y. was enrolled in a Ohio school, it was discovered that he had not attended school regularly in Philadelphia.

{¶ 21} Although the UCCJEA does not specifically define "mistreatment" or "abuse", it does not appear from the record that A.Y. was subject to or threatened with physical or mental injury. See, R.C. 2151.03.1. Moreover any failure to provide a proper education to A.Y. appears to be more in the realm of neglect, as noted by the trial court. See, R.C. 2151.03(A)(3).

{¶ 22} The circumstances of this case, while calling into question the capacity of Appellee to provide adequate care to this 7 year-old child, does not support a finding by this Court that the trial court was unreasonable, arbitrary or unconscionable in concluding that emergency jurisdiction was not warranted.

{¶ 23} Although not separately stated as an assignment of error, Appellant also argues in his brief that the trial court had jurisdiction over A.Y. custody's pursuant to R.C. 3127.15, because A.Y. resided with Appellant when the divorce petition was filed and A.Y. had lived in Ohio prior to relocation with Appellee to Philadelphia in 2008.

{¶ 24} R.C. 3127.15 provides, as follows:

{¶ 25} "(A) Except as otherwise provided in section 3127.18 of the Revised Code, a court of this state has jurisdiction to make an initial determination in a child custody proceeding only if one of the following applies:

{¶ 26} "(1) This state is the home state of the child on the date of the commencement of the proceedings, or was the home state of the child within six months before the commencement of the proceedings and the child is absent from this state but a parent or person acting as a parent continues to live in this state.

{¶ 27} "(2) A court of another state does not have jurisdiction under division (A)(1) of this section or a court of the home state of the child has declined to exercise jurisdiction on the basis that this state is the more appropriate forum under section 3127.21 or 3127.22 of the Revised Code, or a similar statute of the other state, and both of the following are the case:

{¶ 28} "(a) The child and the child's parents, or the child and at least one parent or a person acting as a parent, have a significant connection with this state other than mere physical presence.

{¶ 29} "(b) Substantial evidence is available in this state concerning the child's care, protection, training, and personal relationships.

{¶ 30} " * * *."

**{¶ 31}** " 'Home state' means the state in which the child lived with a parent or person acting as a parent for at least six consecutive months immediately preceding the commencement of a child custody proceeding * * *." R.C. 3127.01(B)(7)

**{¶ 32}** Appellant agrees the trial court's determination that Pennsylvania is the home state of A.Y. is factually correct, but contends that subsection (2), above, applies because most of A.Y.'s life was spent in Ohio and Appellant has equal parental rights. However, this no indication in the record that A.Y. had spent any time in Ohio for 3 years preceding the divorcing filing (apparently Appellant only had telephone communication with A.Y.), nor is there "substantial evidence" available in Ohio concerning his care and personal relationships.

**{¶ 33}** Accordingly, we find Appellant's contention that jurisdiction was warranted under R.C. 3127.15 to be without merit.

**{¶ 34}** The first Assignment of Error is overruled.

II.

**{¶ 35}** In the second Assignment of Error, Appellant contends the trial court should have conducted an evidentiary hearing and taken additional evidence as to whether A.Y. was subject to mistreatment or abuse. Appellant claims records from the Stark County Department of Jobs and Family Services (DJFS) were subsequently obtained by the trial court after the March 23rd hearing and May 9th order, which would establish that Appellee failed to properly provide for A.Y. while they lived in Ohio.

**{¶ 36}** However, the record fails to indicate that the trial court in fact received or reviewed any records from DJFS during the underlying proceedings. The trial court also did not indicate in its May 9th order that it had obtained, reviewed or relied upon such

records. Appellant apparently seeks to have the trial court reopen the matter and take additional evidence after the May 9th dismissal order. This issue was not raised before the trial court, and therefore, is not properly before this Court.

{¶ 37} Accordingly, the second Assignment of Error is overruled.

III.

{¶ 38} In the third Assignment of Error, Appellant challenges the trial court's granting of legal custody of A.Y. to Appellee when no previous custody matter had been determined. Appellant relies upon R.C. 3109.03 for his position.

{¶ 39} R.C. 3109.03 states:

{¶ 40} "When husband and wife are living separate and apart from each other, or are divorced, and the question as to the parental rights and responsibilities for the care of their children and the place of residence and legal custodian of their children is brought before a *court of competent jurisdiction*, they shall stand upon an equality as to the parental rights and responsibilities for the care of their children and the place of residence and legal custodian of their children, so far as parenthood is involved." (Emphasis added).

{¶ 41} Appellant insists this matter must be remanded to the trial court for further testimony to allow the trial court to make a full determination as to both jurisdiction and the best interest of A.Y.

{¶ 42} In this case, we find Appellant's reliance upon R.C. 3109.03 to be misplaced. The trial court determined it did not have emergency jurisdiction to make an initial child-custody determination pursuant to R.C. 3127.18, and thus would not be a "court of competent jurisdiction" under R.C. 3109.03.

**{¶ 43}** Additionally, the Ohio Supreme Court has noted that the UCCJEA gives jurisdictional priority to the child's home state and eliminates a determination of best interest of the child from the original jurisdictional inquiry. *Rosen v. Celebrezze*, 117 Ohio St.3d 241, 2008-Ohio-853, ¶ 21, 883 N.E.2d 420.

**{¶ 44}** The third Assignment of Error is overruled.

**{¶ 45}** The judgment of the Stark County Court of Common Pleas, Family Division, is hereby affirmed.

By: Delaney, J.

Gwin, P.J. and Hoffman, J. concur.

_____
HON. PATRICIA A. DELANEY

_____
HON. W. SCOTT GWIN

_____
HON. WILLIAM B. HOFFMAN

[Cite as *Mumford v. Shackleton*, 2011-Ohio-5583.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STEPHEN M. MUMFORD, | : | |
| | : | |
| Plaintiff-Appellant, | : | |
| | : | |
| | : | |
| v. | : | JUDGMENT ENTRY |
| | : | |
| DANA SHACKLETON, | : | |
| | : | |
| Defendant-Appellee. | : | Case No. 2011-CA-00107 |
| | : | |

For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas, Family Division, is affirmed. Costs assessed to Appellant.

_____
HON. PATRICIA A. DELANEY

_____
HON. W. SCOTT GWIN

_____
HON. WILLIAM B. HOFFMAN