[Cite as *Deeb v. Deeb*, 2016-Ohio-845.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

Joseph Deeb

    Appellant

v.

Samantha Mascia-Deeb

    Appellee

Court of Appeals No. WD-15-013

Trial Court No. 11DS066

**DECISION AND JUDGMENT**

Decided: March 4, 2016

* * * * *

Joseph Deeb, pro se.

Samantha Mascia-Deeb, pro se.

* * * * *

**SINGER, J.**

{¶ 1} This is an accelerated appeal. Appellant, J.D., appeals a decision of the Wood County Court of Common Pleas, Domestic Relations Division, dismissing his motion for contempt against appellee, S.M.D. We affirm.

**{¶ 2}** The parties divorced in 2011 in Wood County Ohio. At the time, they had two minor children. The parties entered into a shared parenting agreement. Appellant lives in Perrysburg, Ohio. Appellee now resides in Buffalo, New York with the children.

**{¶ 3}** Appellant filed his contempt motion on November 26, 2014, alleging that appellee had violated the terms of the shared parenting agreement. Specifically, appellant contends that appellee, along with her parents have fabricated stories about him in an effort to gain full custody of the children. Among other things, he contends, appellee has accused him of not allowing the girls privacy when they shower. She has accused him of threatening suicide if the girls attend church. She claims the girls do not want to see or talk to him and she claims that appellant will not allow the girls to play sports. Appellee has accused appellant of having a history of domestic abuse as well as a history of threatening women in general.

**{¶ 4}** Because appellant is greatly concerned of the effect these allegations, he maintains are false, will have on his relationship with his daughters, he is accusing appellee of interfering with their shared parenting agreement. The agreement states in pertinent part:

> We want [the daughters] to know that they have two parents who
> love them. To accomplish this, we have agreed to put our differences aside
> in order to make their wellbeing a mutual goal. * * * We assert that we
> shall cooperate with each other in good faith and with flexibility regarding
> the best interests of our children, and that we shall make every effort to

2.

insulate our children from any future differences which may arise in the joint decision making process. * * * We will encourage and support their affectionate relationship with both of us.

{¶ 5} Appellant contends that appellee and her parents, through their lies to the children and their behavior in front of the children, have done everything they can to sabotage the purposes behind the shared parenting agreement-creating healthy relationships between parents and children.

{¶ 6} On February 6, 2015, the trial court declined to exercise jurisdiction regarding custody and parenting issues "due to New York being the home state of the children." The court dismissed his motion. Appellant now appeals setting forth the following assignment of error:

I. The Court of Common Pleas has neglected to review the share (sic) parenting agreement filed in 2011 where it specified a parenting sharing program for the appellant and appellee that provide healthy and caring schedule for the children where [daughter 1] and [daughter 2] will be in their home in Perrysburg every other weekend from Friday to Sunday, 6 weeks during the summer break, other school breaks and holidays. The Wood County Court had the kids' wellbeing in mind in 2011 and in February 9 of 2015 when the court returned an order of willingness to relinquish the children jurisdiction to Buffalo New York Erie County Family Court. Appellant filed an order of contempt against the appellee

3.

who is attempting to starve his two daughters their legal and natural right to visit their birth home in Ohio by creating some delusional allegation to cover her reckless actions and not having to answer to your court. The Court of Wood County has the legal right to maintain jurisdiction based on the share (sic) custody ruled in 2011.

{¶ 7} Ohio has adopted and codified (R.C. 3127) the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA"). A purpose of the act is "to avoid jurisdictional competition and conflict with courts of other jurisdictions" in custody matters. *In re Palmer*, 12 Ohio St.3d 194, 196, 465 N.E.2d 1312 (1984).

{¶ 8} R.C. 3127.15(A) specifies the following jurisdictional grounds for an Ohio court to make an initial determination in a child-custody proceeding:

Except as otherwise provided in section 3127.18 of the Revised Code, a court of this state has jurisdiction to make an initial determination in a child custody proceeding only if one of the following applies:

(1) This state is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six months before the commencement of the proceeding and the child is absent from this state but a parent or person acting as a parent continues to live in this state.

4.

**{¶ 9}** "A trial court's decision as to whether to exercise jurisdiction pursuant to the UCCJEA, as codified in Ohio R.C. Chapter 3127, should only be reversed upon a showing of an abuse of discretion." *In re Collins*, 5th Dist. Guernsey No. 06CA000028, 2007-Ohio-4582, ¶ 15. The phrase "abuse of discretion" connotes more than an error of judgment; rather, it implies that the trial court's attitude was arbitrary, unreasonable, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). When applying the abuse of discretion standard, this court may not substitute its judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621, 614 N.E.2d 748 (1993).

**{¶ 10}** For purposes of R.C. 3127.15(A)(1), Ohio is not the home state of the minor children as they have resided in New York since 2011. The trial court stated that "New York has indicated its willingness to accept jurisdiction." Additionally, there is a pending case in New York regarding the same issues appellant has raised in this motion. Accordingly, the trial court did not abuse its discretion in refusing to exercise jurisdiction and dismissing appellant's motion for contempt.

**{¶ 11}** We have no doubt that appellant deeply cares for his children. Unfortunately we, as a court, are bound by the laws of this state which require this matter to be heard in another jurisdiction.

**{¶ 12}** The judgment of the Wood County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

5.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Arlene Singer, J.                          _____
                                                              JUDGE

Thomas J. Osowik, J.

                                           _____
Stephen A. Yarbrough, J.                                      JUDGE
CONCUR.

                                           _____
                                                              JUDGE


This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.sconet.state.oh.us/rod/newpdf/?source=6.