DAERR, N.K.A. KROUS, APPELLEE, *v.*
DAERR, APPELLANT.

(No. 1589—Decided
August 12, 1987.)

*Nadine A. Krous, pro se.*
*Roger R. Ingraham,* for appellant.

GEORGE, J. An action was first filed by Nadine A. Daerr, n.k.a. Nadine A. Krous, plaintiff-appellee, on May 3, 1984 seeking alimony and child support from Ronald J. Daerr, defendant-appellant. Both parties were represented by counsel when an agreement was reached as to the disposition of all matters, which included joint custody of the only minor child, Jeanette, who was then six years old. Dissolution was granted in July 1985. However, before journalization of the agreement, Nadine left the jurisdiction of the state with the child without advising the father, the court, or her attorney, of her new address and the child's whereabouts. It was later learned that she and the child travelled to Montana with a friend, Neil Gray.

When Ronald discovered that Nadine had left the jurisdiction he filed a motion requesting modification of the custody order. A hearing was set and Nadine was given service by publication. She did not appear. As a result the referee recommended that custody be given to Ronald. A copy of the referee's report eventually reached Nadine in Montana. She objected to the referee's report and sought a hearing.

At the hearing of September 22, 1986, Nadine's objections were considered and overruled and the recommendations of the referee were adopted which gave custody to Ronald. However, Nadine had left Jeanette in Montana. Thus, the order could not be executed. Additionally, the trial court denied Nadine's request to have the custody matter transferred to the state of Montana. Ronald has not seen his child since May 1985.

On January 6, 1987, a district judge from the state of Montana wrote the common pleas judge in Medina. The Medina court transferred the matter to Montana's jurisdiction because Nadine was there and so was the child. The Medina court did this although Nadine had disobeyed every order issued by that court with respect to custody. Nadine secreted herself and the child in Montana refusing to disclose to anyone who had an interest in the case any information as to her whereabouts. While this conduct is

reprehensible, the child's best interest is the paramount factor.

The Uniform Child Custody Jurisdiction Act was adopted to resolve jurisdictional disputes between two states each of which could properly exercise jurisdiction over a child's custody. R.C. 3109.24 provides that when custody proceedings are pending in another state the proceedings are to be stayed and the courts are to communicate with one another for the purpose of deciding which is the more appropriate forum to litigate the issue of custody. R.C. 3109.24(C) contemplates that jurisdiction be exercised only after there has been "some cooperation, exchange of information and communication" between the two states. *Squires v. Squires* (1983), 12 Ohio App. 3d 138, 12 OBR 460, 468 N.E. 2d 73, paragraph six of the syllabus.

Although here both courts could claim that they each were in a better position to exercise jurisdiction, the inquiry must focus on the child's best interest. When both courts agree as to what is in the child's best interest, it will not be disturbed on appeal absent a showing of an abuse of discretion.

The Montana judge stayed Montana's proceedings until there was an opportunity to discuss the matter with the Medina judge. The judges communicated by letter and telephone. Then, on January 26, 1987, the Medina judge ordered the case to be transferred to the Flathead County District Court in Montana. The handling of this matter was consistent with that contemplated under the UCCJA.

The record here demonstrates that Montana is now the home state of the child; that the mother has resided in Montana since May 1985; that substantial information concerning the child's present and future environment is available in Montana; that the child is enrolled in school in Montana; and that the mother apparently intends to remain in Montana. These factors weigh heavily in favor of a transfer of jurisdiction for the child's best interest. While jurisdiction would be proper in either Medina or Montana, the Montana court is in a superior position to now address the ongoing custody dispute.

The Montana court indicated that it perhaps should decline jurisdiction for policy reasons because of the impropriety of the mother's actions in removing the child from Ohio and the relative convenience of the forum for the father. The Medina court considered the conduct of the mother along with the other relevant factors and decided that the matter should be transferred to Flathead County District Court in Kalispell, Montana. No abuse of discretion has been shown to exist in the Medina court's declining jurisdiction in favor of Montana's accepting it.

The assignment of error is overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

BAIRD, P.J., and CACIOPPO, J., concur.