[Cite as *Reed v. Sims*, 2020-Ohio-2777.]

STATE OF OHIO            )           IN THE COURT OF APPEALS
                         )ss:        NINTH JUDICIAL DISTRICT
COUNTY OF LORAIN         )

DEREK REED                           C.A. No.    19CA011494

    Appellant

    v.                               APPEAL FROM JUDGMENT
                                     ENTERED IN THE
VALERIE SIMS, et al.                 COURT OF COMMON PLEAS
                                     COUNTY OF LORAIN, OHIO
    Appellee                         CASE No.    12DU075654

DECISION AND JOURNAL ENTRY

Dated: May 4, 2020

HENSAL, Judge.

{¶1}   Derek Reed appeals a judgment of the Lorain County Court of Common Pleas, Domestic Relations Division, that denied his motion to transfer jurisdiction. For the following reasons, this Court affirms.

I.

{¶2}   Mr. Reed and Valerie Sims divorced in Lorain County in 2013. They have one child, who was born in 2010. In 2015, Father was granted sole custody. Mother's parents were granted visitation rights and Mother was granted supervised visitation rights. Shortly thereafter, Father announced his intention to relocate to Tennessee. The parties ended up reaching an agreement that would allow Father to move out of state.

{¶3}   In 2018, Father filed a motion to modify the parties' parenting plan in a Tennessee court. Mother subsequently filed a motion to modify the parenting plan in the Ohio action. Father then filed a motion to stay the proceedings in Ohio and transfer jurisdiction to Tennessee.

Following an evidentiary hearing, the trial court denied Father's motion. Father has appealed, assigning as error that the trial court abused its discretion when it found that Ohio was a not an inconvenient forum under Revised Code Section 3127.21.

## II.

## ASSIGNMENT OF ERROR

THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DID NOT FIND TENNESSEE AS A MORE APPROPRIATE STATE TO EXERCISE JURISDICTION AND REFUSED TO FIND OHIO AN INCONVENIENT FORUM UNDER THE CIRCUMSTANCES PURSUANT TO ORC §3127.21[.]

{¶4} Father argues that the trial court abused its discretion when it found that it was not an inconvenient forum under Section 3127.21. Section 3127.21(A) provides that "[a] court of this state that has jurisdiction * * * to make a child custody determination may decline to exercise its jurisdiction at any time if it determines that it is an inconvenient forum under the circumstances and that a court of another state is a more convenient forum." In making that determination, the court is required to "consider all relevant factors," including:

(1) Whether domestic violence has occurred and is likely to continue in the future and which state could best protect the parties and the child;

(2) The length of time the child has resided outside this state;

(3) The distance between the court in this state and the court in the state that would assume jurisdiction;

(4) The relative financial circumstances of the parties;

(5) Any agreement of the parties as to which state should assume jurisdiction;

(6) The nature and location of the evidence required to resolve the pending litigation, including the testimony of the child;

(7) The ability of the court of each state to decide the issue expeditiously and the procedures necessary to present the evidence;

(8) The familiarity of the court of each state with the facts and issues in the pending litigation.

R.C. 3127.21(B). As Father has acknowledged, we review a trial court's determination under Section 3127.21(B) for an abuse of discretion. *Baker v. Baker*, 2d Dist. Montgomery No. 27850, 2018-Ohio-3065, ¶ 34; *see In re Guardianship of Wonderly*, 67 Ohio St.2d 178, 187 (1981) (applying predecessor to R.C. 3127.21).

{¶5} Father argues that the trial court erred with respect to the first factor, which pertains to domestic violence. The court wrote that it was giving "some weight to this factor, as it has been acknowledged by both plaintiff and defendant that domestic violence appears to have occurred in the past amongst them, here in the state of Ohio." Father argues that there was no evidence presented that established that domestic violence has occurred. He notes that the trial court specifically excluded testimony about domestic violence that was alleged to have occurred before Mother's and Father's divorce.

{¶6} Father does acknowledge that there was evidence that Mother has been convicted of child endangering regarding their child. Under Section 3113.31(A)(1)(a)(iii), domestic violence includes committing an act that would result in a child being an abused child, which, in turn, includes a child who is endangered under Section 2919.22. *J.M. v. M.M.*, 9th Dist. Medina No. 15CA0057-M, 2016-Ohio-5368, ¶ 21. The trial court did not identify the "domestic violence [that] appears to have occurred in the past[,]" but it could have been referencing Mother's treatment of the child.

{¶7} Even if the trial court's finding was inaccurate, Father has not established that he experienced any prejudice from the finding. Although the court initially wrote that it was giving the factor "some weight[,]" as it was working through each factor individually, the court did not

mention the domestic violence factor when it was explaining its overall determination of why it did not believe that Ohio was an inconvenient forum. The court wrote:

> In sum, this Court has put much weight on the credible testimony presented, including this Court's long history and familiarity with the case, the minor child's significant ties to Lorain County, Ohio, this Court's willingness to work with [Father's] and the minor child's schedules, and this Court permitting court attendance and/or testimony in technological manners * * *. Further, this Court has put additional weight * * * that [Father] has demonstrated resistance to cooperate with [Mother], and/or promote a relationship between the minor child and [Mother]. As a result, [Mother] has filed contempt motions against [Father], which are currently pending * * *. As previously emphasized, this Court would be the most appropriate court to hear evidence whether or not [Father] has violated this Court's own orders * * *. This Court further cannot ignore the evidence presented that three of the parties' understanding was that this Court would continue to retain jurisdiction, even if they agreed that [Father] would relocate * * * to hear and modify issues regarding the minor child.

Upon review of the entirety of the trial court's decision, we conclude that any error with respect to the domestic violence factor was harmless. Civ.R. 61.

{¶8} Regarding the second factor, Father argues that the trial court implied that the factor weighed in favor of keeping the forum in Ohio even though, according to Father, it should have weighed in favor of transferring the case to Tennessee. Father notes that the court identified that the child had been born in Ohio and had resided in Ohio for 5 years and had resided in Tennessee for three-and-a-half years. According to Father, this Court has previously held that just two years in a new state was sufficient to make the new state the superior place for the case to be heard. *Daerr v. Daerr*, 41 Ohio App.3d 206, 207 (9th Dist.1987).

{¶9} This Court's decision in *Daerr* preceded Ohio's adoption of the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA). At the time of *Daerr*, Ohio applied the Uniform Child Custody Jurisdiction Act (UCCJA), which listed different criteria for determining whether a court was an inconvenient forum. R.C. 3109.25(C) (1987). The UCCJA instructed courts to consider:

(1) If another state is or recently was the child's home state;

(2) If another state has a closer connection with the child and his family or with the child and one or more of the contestants;

(3) If substantial evidence concerning the child's present or future care, protection, training, and personal relationships is more readily available in another state; [and]

(4) If the parties have agreed on another forum that is no less appropriate.

*Id.* We also note that, in *Daerr*, the trial court determined that the other state was the more convenient forum. On appeal, this Court concluded that, under the facts of that particular case, the trial court had not abused its discretion. *Daerr* at 207. In light of the different statute involved and different factual circumstances, we conclude that *Daerr* is of limited persuasive value in this case.

{¶10} Regarding the third and fourth factors, Father does not take issue with the trial court's determination that the distance between the two states and the financial circumstances of the parties does not weigh for or against transfer of the case. He argues, however, that the trial court should have considered the feasibility of involving a guardian ad litem for the child if the case remains in Ohio. According to Father, it would be cost prohibitive and illogical for a guardian ad litem in Ohio to investigate the best interests of a child who lives in Tennessee. Upon review of the record, however, we note that this issue was not raised before the trial court. Accordingly, we conclude that Father has forfeited his argument. *See Ilg v. Ilg*, 9th Dist. Summit No. 23987, 2008-Ohio-6792, ¶ 6; *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 121 (1997).

{¶11} Regarding the fifth factor, Father argues that the trial court did not weigh the credibility of the witnesses as to whether the parties had an oral agreement as to jurisdiction. Instead, the court limited its analysis to the written documents that the parties signed, which do not reflect such an agreement. According to Father, the written agreements establish, at best, an

understanding that the trial court would retain jurisdiction to hear the case. He argues that they do not establish an agreement about whether Ohio is a convenient forum.

{¶12} Initially, we note that the fifth factor concerns whether there is an agreement about "jurisdiction" not about the most convenient forum. R.C. 3127.21(B)(5). In addition, Father's argument focuses on only part of the trial court's journal entry. In explaining it decision for retaining jurisdiction, the court wrote that "[t]his Court * * * cannot ignore the evidence presented that three of the parties' understanding was that this Court would continue to retain jurisdiction, even if they agreed that [Father] would relocate * * *, to hear and modify issues regarding the minor child." Thus, contrary to Father's argument, the trial court did not exclusively consider the parties' written agreements when it determined whether there was an agreement about jurisdiction. Instead, the court appears to have found credible the testimony of Mother and the grandparents that there was an agreement between the parties that jurisdiction of the case would remain in Ohio even though Father was relocating to Tennessee. *See* R.C. 3127.21(B)(5).

{¶13} As to the sixth factor, Father argues that the trial court improperly discounted the fact that most of the evidence and witnesses, including the child, are in Tennessee. Father argues that the trial court would have limited ability to enforce a subpoena outside of its jurisdiction and that it would be burdensome to try to arrange the video testimony of witnesses who could not travel to Ohio. He notes that any in camera interviews with the child would have to be done in person and with the guardian ad litem present. Father also argues that, like in *Daerr*, the fact that most of the evidence regarding the child is and will be in Tennessee weighs heavily in favor of transferring jurisdiction.

{¶14} Mother and her parents argue that Father's witness concerns are unfounded because the UCCJEA contains provisions for managing out-of-state witnesses. Section 3127.10 provides

that the testimony of such witnesses may be offered by deposition or otherwise. R.C. 3127.10(A). Depositions may be done by telephone or other electronic means. R.C. 3127.10(B). Documentary evidence may also be transmitted electronically and may not be excluded on that basis. R.C. 3127.10(C). Regarding the testimony of the child, Mother and her parents note that the child comes to Ohio regularly.

{¶15} In addition to the points that Mother's side makes, we note that the UCCJEA allows a court of one state to request a court of another state to hold evidentiary hearings, order individuals to produce or give evidence, and order evaluations concerning custody determinations. R.C. 3127.11(A)(1-3). Tennessee has also adopted the UCCJEA and has a statutory provision that, "[u]pon request of a court of another state, a court of this state may hold a hearing or enter an order" as to those matters. Tenn. Stat. 36-6-215(b). Upon review of the record, we conclude that the trial court gave adequate consideration to the sixth factor. *See Urteaga v. Urteaga*, 12th Dist. Warren No. CA2014-Ohio-08-109, 2015-Ohio-2465, ¶ 25-28.

{¶16} Regarding the seventh factor, Father contests the trial court's assertion that it can decide the issues expeditiously. He notes that he filed his motion in May 2018, but that it took three separate trips to Ohio to have his motion fully heard and another two months for the trial court to enter its decision, a total of ten months. We conclude that, although the term "expeditiously" is subjective, there is no evidence in the record regarding how quickly a Tennessee court could consider the custody and visitation matters raised by the parties' other motions. R.C. 3127.21(B)(7). Father can only speculate about which court would act faster.

{¶17} As to the eighth factor, the trial court found that the factor weighs in favor of keeping the case in Ohio because the court had a significant history with the parties and the facts and circumstances surrounding the matter. Father argues that, even though the case may have been

in Ohio for a significant period of time, the particular judge and magistrate who were involved with the motion to transfer jurisdiction had never met or heard from the parties before. Father argues that the court's only actual familiarity with the parties is from the three days of hearing on the motion, which does not weigh very heavily in favor of keeping the case in Ohio. Although we acknowledge Father's arguments, the trial court's history with the parties is more than a particular judge's face-to-face interaction with them at a hearing. The current judge and magistrate have ready access to the record, which contains the history of all of the parties' filings and the court's rulings since the action was initiated. Even just focusing on in-court appearances, it cannot be disputed that the trial court has more familiarity with the parties than any Tennessee court and, thus, the eighth factor necessarily weighs in favor of Ohio.

{¶18} Regarding additional factors, the trial court found that the child has connections with many family members in Ohio. It also found that the child participates in many activities with her family members while she is in Ohio. The Court further found that Father is resistant to allowing Mother to have a relationship with the child. It determined that it was in the best position to resolve Mother's pending show cause and other motions.

{¶19} Father argues that the child has stronger connections to Tennessee, where she spends 42-44 weeks a year, than Ohio, where she spends only 8-10 weeks a year. Father also argues that he has legitimate reasons to be concerned about the child being around Mother, in light of Mother's convictions for multiple crimes including child endangering. Father further argues that whether he has been compliant with the visitation order is immaterial as to which court is the more convenient forum. He further argues that the trial court did not claim to be the better forum for hearing his motion to modify the parenting time schedule. Mother and her parents argue that

the trial court's findings about the child's connections and activities in Ohio are supported by substantial evidence and note that all of Mother's visitation with the child occurs in Ohio.

{¶20}  The trial court gave individual consideration of each of the factors identified in Section 3127.21 as well as additional factors that it considered relevant as to whether Ohio was an inconvenient forum.  The factors that it determined were most significant were the court's long history with the parties, the child's significant family ties to Lorain County, the court's willingness and ability to accommodate the parties' schedules, and its ability to employ technology to overcome the challenges inherent in resolving disputes between parties with limited means who reside hundreds of miles apart.  The court also found significant that there were current allegations that Father had violated the court's orders and the parties' understanding that the case would remain in Ohio despite Father's relocation.

{¶21}  Father has not established that the factors identified by the trial court as more significant are, instead, less significant than other factors.  *See Urteaga*, 2015-Ohio-2465, at ¶ 19 (recognizing that R.C. 3127.21 "does not set forth what weight to assign the statutory factors" and that the trial court, therefore, has discretion to determine what weight to assign each factor in relation to the others).   Upon review of the record, we conclude that Father has not establish that the trial court exercised improper discretion when it determined that Ohio was "a more convenient forum to dispose of the pending matters" and that it would continue to retain jurisdiction over the proceedings.  Father's assignment of error is overruled.

III.

{¶22}  Father's assignment of error is overruled.  The judgment of the Lorain County Court of Common Pleas, Domestic Relations Division, is affirmed.

Judgment affirmed.

---

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

TEODOSIO, J.
CONCURS.

CARR, P. J.
CONCURS IN JUDGMENT ONLY.

APPEARANCES:

JAMES V. BARILLA, Attorney at Law, for Appellant.

GOWRI V. HAMPOLE, Attorney at Law, for Appellee.

MICHAEL and KAREN ASBURY, pro se, Appellees.